①

CLASS BASED/ GENDER BASED EQUAL PROTECTION CLAIM
FOR VIOLATIONS OF AMERICANS WITH DISABILITIES ACT

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 12/2023)

United States Courts
Southern District of Texas
**FILED**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE _Southern_ DISTRICT OF TEXAS
_Houston_ DIVISION

MAY 0 7 2024

Nathan Ochsner, Clerk of Court

_Darrold Latrell Alexander_
_TDCJ-CID # 738300_
Plaintiff's Name and ID Number

_Class Based Equal Protection Claim_
_Persuant to 42 U.C.C. & 1983_

_W-J Estelle Unit - Huntsville_
Place of Confinement

CASE NO. _____
(Clerk will assign the number)

v.
_Correctional Managed Health care_
_Director(s) and Committee Member(s)_
Defendant's Name and Address _(2020-2021)_
_Dr. Lannette Linthicum_
_TDCJ - Dir. Health Services Division_
Defendant's Name and Address
_Bobby Lumpkin - CID Director_
_Texas Department Of Criminal Justice_
Defendant's Name and Address
( DO NOT USE "ET AL.")
_____ _(Refer to Sec. II For Complete Defendant(s))_

_Class Certification Requested_
_Persuant to FRCP 23 (A)(1)(2)(3)_

_Jury Trial Demanded_
_Persuant to FRCP 38(A)_

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.



**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit: Oct. 27th, 2022

        2.  Parties to previous lawsuit:

            Plaintiff(s) Darrold Latrell Alexander

            Defendant(s) Dr. Lannette Linthicum, et al.

        3.  Court: (If federal, name the district; if state, name the county.) U.S.D.C - Southern District

        4.  Cause number: 4:22 - CV - 03749

        5.  Name of judge to whom case was assigned: Judge Lee H. Rosenthal

        6.  Disposition: (Was the case dismissed, appealed, still pending?) Leave to file Ammended Complaint

        7.  Approximate date of disposition: Nov. 7th, 2022



**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ☒ YES ___ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: _August 11th, 2016_

        2. Parties to previous lawsuit:

            Plaintiff(s) _Marcus S. Rhodes - Darrold L. Alexander_

            Defendant(s) _Dr. Lannette Linthicum - Health Services_

        3. Court: (If federal, name the district; if state, name the county.) _Northern District_

        4. Cause number: _Civil Action No.#7:17-cv-042-0_

        5. Name of judge to whom case was assigned: _Judge Reed C. O'Conner_

        6. Disposition: (Was the case dismissed, appealed, still pending?) _Voluntarily Dismissed_

        7. Approximate date of disposition: _April 12th, 2017_

II.   PLACE OF PRESENT CONFINEMENT: _W.J. Estelle Unit - Huntsville_
_Texas Department of Criminal Justice_

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✳ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:   _Darrold Latrell Alexander_
_A.K.A Alexis D. Alexander_

A.   Name and address of plaintiff: _T.DCJ-CID.#738390_
_TDCJ Estelle Unit,          264 FM 3478_
_Huntsville Tx Us 77320_

B.   Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

① Defendant #: _Correctional Managed Health Care_
_Director(s) and Committee Member(s) (2020-2021)_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Ministerial Violation of Americans With Disabilities Act)_

② Defendant #: _Dr. Lannette Linthicum_
_TDCJ-Director Health Services Division_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Ministerial Violation of Americans With Disabilities Act_

③ Defendant #: _Director Bobby Lumpkin_
_TDCJ-Institutional Division Director_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Ministerial Violation of Americans With Disabilities Act_

④ Defendant #: _Robert D. Barrow, M.D. CMHCC Member and_
_Chairperson UTMB, 301 University Blvd, Galveston Tx 77555_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Ministerial Violation of Americans With Disabilities Act_

⑤ Defendant #: _Ben Raimer, M.D. - CMHCC Member_
_UTMB, 301 University Blvd, Galveston, Tx 77555_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Ministerial Violation of Americans With Disabilities Act_

II.   PLACE OF PRESENT CONFINEMENT: W. J. Estelle Unit - Huntsville

Texas Department of Criminal Justice

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✳ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT: Darrold Latrell Alexander

A.B.A Alexis D. Alexander

A. Name and address of plaintiff: T.D.C.J-CID: #738390

TDCJ Estelle Unit,   264FM3478

Huntsville Tx US 77320

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.



⑥ Defendant #1: Cynthia Jumper, M.D. - CMHCC Member
UTMB, 301 University Blvd. Galveston, Tx 77555

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Ministerial Violation of Americans With Disabilities Act

⑦ Defendant #2: Erin Wyrick - CMHCC Member
UTMB, 301 University Blvd. Galveston, Tx 77555

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Ministerial Violation of Americans With Disabilities Act

⑧ Defendant #3: Preston Johnson, Jr. - CMHCC Member
UTMB, 301 University Blvd. Galveston, Tx 77555

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Ministerial Violation of Americans With Disabilities Act

⑨ Defendant #4: Parker Hudson III, M.D. - CMHCC Member
UTMB, 301 University Blvd. Galveston, Tx 77555

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Ministerial Violation of Americans With Disabilities Act

⑩ Defendant #5: John Burrusoa, M.D. - CMHCC Member
UTMB, 301 University Blvd. Galveston, Tx 77555

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Ministerial Violation of Americans With Disabilities Act

# EXHAUSTION
# OF
# ADMINISTRATIVE
# REMEDIES

# ADDENDUM A

GRIEVANCES

Supporting

Claim

One

OFFICE USE ONLY

# Texas Department of Criminal Justice

## STEP 2

**OFFENDER GRIEVANCE FORM**

Alexander, Darrold

Offender Name: D. Alexander          TDCJ# 738390

Unit: Stiles Unit     Housing Assignment: 3Bldg-C-01-13-B

Unit where incident occurred: Stiles Unit / TDCJ-CID

Grievance #: 2021129814

UGI Recd Date: APR 25 2022

HQ Recd Date: MAY 03 2022

Date Due: 6-9-22

Grievance Code: 6011

Investigator ID#: I0352

Extension Date:

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

Give reason for appeal (Be Specific). *I am dissatisfied with the response at Step 1 because...*

BASIS OF THIS APPEAL: The investigative determinations given to Step I of this complaint were wordplay by its Investigator to evade addressing the "ELEPHANT-IN-THE-ROOM" subject grieved there in ... I.E. CMHC policy G-51.11 is, in actuality, a purposeful, "ONE-SIZE-FITS-ALL" "FREEZE-FRAME," "BLANKET-BAN" type of policy that robs Appellant (and other Gender Dysphoric, Transgender Offenders) of their right to have their medical/mental health needs evaluated and determined SOLEY !!! by the U.T.M.B Gender Specialist based upon individualized needs. The Step I investigative determinations reflect that this issue was artfully dodged by its investigator therefore warranting this appeal.

Argument Supporting This Appeal: Gender Dysphoric treatment "IS NOT" !! elective. CMHC(s) "ONE-SIZE-FITS-ALL" "FREEZE FRAME" "BLANKET BAN" type policy is unconstitutional, as its administered, because it's intentionally designed to infer with the administration of appropriate treatment for a serious mental illness — specifically it impedes the administration of ameliorative treatment. Appellant in Step I of this complaint, DID NOT !!! argue entitlement to a specific treatment for Gender Dysphoria. She contended that such treatment SHOULD BE !!! based upon individualized need determined by the U.T.M.B Gender Specialist medical authority/medical judgement reflecting the current accepted WPATH "STANDARD OF CARE" for the treatment of Gender Dysphoria.

---

Offender Signature: _Darrold Alexander_   Date: 4-26-22

A review of the medical grievance and documentation has been completed regarding your medical complaint for TDCJ to extend all grooming standards to accommodate all Gender Dysphoria inmates.

According to the TDCJ Offender Handbook the inmate has specific standards of behavior outlined in section 3 on personal cleanliness and grooming departmental Policy and Operations manual A.D. 03.31. The medical department has no purview of these rules of cleanliness and grooming. Please submit a I-60 to the Warden or security staff of your unit for changes requested.

The review of the documentation indicates you did not attempt informal resolution of your medical concerns with the medical supervisory staff. Your facility has an informal complaints process in place. If you have future medical, dental, or psychiatric-related complaints, you must first attempt resolution through this process. Please refer to Correctional Managed Healthcare Policy [CMHC] 12.1 HAS-34.

STEP II MEDICAL GRIEVANCE PROGRAM
OFFICE OF PROFESSIONAL STANDARDS
TDCJ HEALTH SERVICES DIVISION

5-12-22

Returned because:   *Resubmit this form when the corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | CGO Initials: _____ |
| Date UGI Rec'd: _____ | |
| Date CGO Rec'd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Rec'd: _____ | |
| Date CGO Rec'd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | CGO Initials: _____ |
| Date UGI Rec'd: _____ | |
| Date CGO Rec'd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |

Appendix G

**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER GRIEVANCE FORM**

Medical Complaint

OFFICE USE ONLY

Grievance #: 2021129214

Date Received: JUN 29 2021

Date Due: 08-13-2021

Grievance Code: 611

Investigator ID #: I 2758

Extension Date: 08/16/2021

Date Retd to Offender: APR 18 2022

Offender Name: Darrold, D. Alexander TDCJ # 738390

Unit: Stiles Unit Housing Assignment: 3bbldg.-C-01-13-B

Unit where incident occurred: Stiles Unit / TDCJ-CID

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Dr. Lannette Linthicum (Dir. TDCJ Health Serv. When? 6-22-2021

What was their response? Offical contacted has been unresponsive to issued grieved

What action was taken? Issue grieved remains unresolved as of complaints filing date

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

BASIS OF THIS MEDICAL COMPLAINT: Grievant is a transgender offender diagnosed as Gender Dysphoric. Per the Correctional Managed Health Care program a TDCJ offender is to be provided health care services determined to be medically necessary. The purpose and intendment of CMHC Policy G-51.11 is: "To provide specific guidelines in the management of offender(s) with intersex conditions and offender(s) diagnosed as Gender Dysphoric — to ensure that offender(s) with complaints consistent with intersex or Gender Dysphoric are evaluated by appropriate medical and mental health professionals and treatment is determined on a case by case basis and clinically indicated. In actuality, this policy is a "ONE-SIZE FITS ALL" / "BLANKET-BAN" type of policy. This complaint is Grievants' contestion of this policy.

ARGUMENT SUPPORTING THIS MEDICAL COMPLAINT: As it's applied CMHC policy G-51.11 still doesn't allow flexibility for the U.T.M.B Gender Specialist to deviate when treating All spectrums of Gender Dysphoric thus obstructing the correct, effective, necessary ameliorative treatment being prescribed based upon an assesment and determination of individualized need. This tight leash on the medical authority/ medical judgment of the U.T.M.B Gender Specialist has the high probability to adversely effect Grievant and other Gender Dysphoric transgender(s) offender(s). HOW?? By placing her/them at a substantial risk of clinically significant psychological distress, disfunction, debilitating depression and (in some (cases) suicidality, and death. This is psychological abuse thus an infliction of Cruel And Unusal Punishment upon Grievant and other Gender Dysphoric, transgender offender(s).

---

I-127 Front (Revised 11-2010) **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM** (OVER)

**Action Requested to resolve your Complaint.** U.T.M.B Gender Specialist be extended carte blanche medical authority in the treatment of Gender Dysphoria, Transgender offender(s)

**Offender Signature:** S. L. Alexander **Date:** June 29th, 2021

**Grievance Response:**

Offender Alexander, upon further review of your medical record, it indicates that you were seen on 03/05/2021 by the Gender Dysphoria clinic who reviewed medications and labs and request a 6-month follow-up. A SCR was received on 03/06/2021 and a response given that you were seen 03/05/2021. A SCR was received on 08/02/2021 and a response given that you were to be scheduled. You were seen 08/05/202 by a provider who noted that you were pending an appointment with the Gender Dysphoria Clinic. You were seen 09/03/2021 by the Gender Dysphoria clinic who reviewed medications and labs and request a 6-month follow-up. Access to care was appropriately provided. As a reminder of the proper grievance process, please submit an I-60 to the medical administrator for medical concerns. It takes 14 days or less to receive a response via I-60 versus 45 days to receive a grievance response.

**Signature Authority:** [signature] Sr. Practice Manager **Date:** [handwritten]

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**OFFICE USE ONLY**

Initial Submission _____ UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission _____ UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission _____ UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F

Medical Complaint    JC-13 B

**ACCEPT AS ORIGINAL**



# Texas Department of Criminal Justice

## STEP 2

### OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance # 2021125219

UGI Recd Date: APR 2 6 2022

HQ Recd Date: MAY 0 3 2022

Date Due: 6.10.22

Grievance Code: 6200

Investigator ID#: 10352

Extension Date:

Offender Name: Darrold Alexander _____ TDCJ # 738390

Unit: Stiles _____ Housing Assignment: 3 Bldg. C-01-13-B

Unit where incident occurred: Mark W. Stiles Unit
medical Dept.

---

• You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

---

**Give reason for appeal (Be Specific).** I am dissatisfied with the response at Step 1 because...

Basis of this Appeal: Appellant, in step I of this complaint, contested that the TDCJ(S) Grooming standards are underinclusive of Gender Dysphoric, transgender offenders but did not Assert that she was similarly situated as female offenders based solely on biological/anatomical sex characteristics or!! her gender identity/gender expression But!! that a transgender offender(s) (MTF or FTM) documented medical issue (i.e. Gender Dysphoria) should be recognized as an exemption to the TDCJ(S) Grooming standards as such a medical issue would exempt a heterosexual, male offender. The substantiveness of the step I complaint that was circumvented is that the TDCJ(S) Grooming standards are underinclusive of a Gender Dysphoric transgender offenders (MTF had FTM) objectively, verified medical condition and are enforced by TDCJ officials to foist upon them traditional heterosexual norm roles and discourage (what is judged by TDCJ officials) as non-traditional behavior.

Argument supporting this Appeal: According to the TDCJ(S) Grooming standards its purpose is to ensure grooming compliance related to security, safety and sanitation with exceptions given to offenders who have a documented medical issue. This policy however is applied arbitrary and discriminatorily. It permits an entire class of persons (i.e. trans-female TDCJ offenders) to grow their hair long (some beyond shoulder length) and style it in ponytails or braids in accordance with their unit policy. Why this allowance (not extended to trans women offenders?? security and safety reasonings??? TDCJ has contended this in many legal battles against concerning its Grooming standards. This has been proven false! and dispelled in the legal case of Odneal VS. Pierce 3010 U.S. Dist. Lexis 56024 S.D. Tex. 3010) by the Sullivan expert testimony.

Are these aspects not the arbitrariness of TDCJ(S) Grooming standards and it's underinclusiveness of Gender Dysphoric transgender offenders, hence in violation of the fourteenth Amendments Equal Protection Clause??

---

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

STEP II OF GRIEVANCE PROCESS

uwg et al) results from another Persons conduct as Provocateur. Though Psychologically injurious neither transmisogynistic Proselitization nor conversionary Psychotherapy draw blood breaks bone cause grievous Physical injury or incapacitates a Gender Dysphoric transgender offender. Nevertheless they are both mental forcicable indoctrination at biological Sex acceptance equivalent to brian washing hence a violation of the Eighth Amendments Proscription against subjecting someone diagnosed with a serious mental illness to Cruel & unusual Punishment

**Offender Signature:** *Darrelld Alexander*  **Date:** *April 27th, 2022*

**Grievance Response:**

A review of the medical grievance and documentation has been completed regarding your medical complaint for psychotherapy and discuss standards of care.

According to the medical documentation you have been afforded standards of care and referred to the Gender Dysphoria specialist. Your medication has been discontinued and you signed a refusal for the care of the specialist in Gender Dysphoria Clinic. You are advised to submit a Sick Call Request to the medical unit provider for renewal of referral to the specialist to discuss all your needs.

The review of the documentation indicates you did not attempt informal resolution of your medical concerns with the medical supervisory staff. Your facility has an informal complaint process in place. If you have future medical, dental, or psychiatric-related complaints, you must first attempt resolution through this process. Please refer to Correctional Managed Healthcare Policy {CMHC} A.12.1 HAS-34.

**STEP II MEDICAL GRIEVANCE PROGRAM**

**Signature Authority:** _____ **OFFICE OF PROFESSIONAL STANDARDS** **Date:** 5-10-22

**TDCJ HEALTH SERVICES DIVISION**

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**      **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**2nd Submission**      **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission**      **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

# ADDENDUM

## PARTIES TO THIS SUIT

**·**

# DEFENDANT(S)



**Texas Department of Criminal Justice**

**STEP 1**

**OFFENDER GRIEVANCE FORM**

3C-13

C3-13

OFFICE USE ONLY

Grievance #: 2021125219

Date Received: 06-21-2021

Date Due: 08-05-2021

Grievance Code: U00

Investigator ID #: I2711

Extension Date: 08/03/2021

Date Retd to Offender: APR 18 2022

Offender Name: D. Alexander    TDCJ # 738390

Unit: Stiles Unit    Housing Assignment: 3 bldg-C-01-13-B

Unit where incident occurred: Stiles Unit / TDCJ-CID

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Bobby, Lumpkin (Dir TDCJ-CID) ET. AL    When? 6-14-21

What was their response? Offical contacted has been unresponsive to issue grieved

What action was taken? Issue remains unresolved as of complaints filing date

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

FOREMOST: GRIEVANT, who is a transgender offender diagnosed as Gender Dysphoric, files this complaint challenging that the TDCJ Grooming Standards are discriminatory and under inclusive of Gender Dysphoric, transgender by not allowing them exemption based upon their "documented medical issue" as mandated per Administrative Directive 03-83 and Security Memorandum 06.16

BASIS OF THIS COMPLAINT: This grievance/complaint is against Bobby, Lumpkin (Dir. TDCJ-CID), why?? As the Dir. TDCJ-CID according to Texas Goverment Code 494.002(A), he is empowered to adopt policies governing the humane treatment (ET. AL) of TDCJ offender(s). Since his appointment Dir. Lumpkin has abitrarly enforced TDCJ Grooming Standards which are (like other TDCJ policies) under inclusive of Gender Dysphoric, transgender offender(s) by not allowing them exemption to the Standards by recognising Gender Dysphoria as a "documented medical condition."

ARGUMENT SUPPORTING THIS COMPLAINT: Such an enforcement of the Standards, by Dir. Lumpkin is; (I) Discriminatory because it permits both religious and medical exemptions to the Standards for cisgender offender(s) ONLY!!! BUT NOT!!! transgender offender(s) diagnosed as a Gender Dysphoric; (II) Psychologically abusive because forcing a Gender Dysphoric, transgender offender to comply with the same grooming standards as a cisgender offender has the potential to trigger and/or exacerbate the negative morbidities inherent of Gender Dysphoria and; (III) CONTRINICTORY to the WPATH(S) "Standards of Care."

---

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Action Requested to resolve your Complaint. Dr. Lumpkin extend en masse exemption to the TDCJ Grooming Standards of all Gender Dysphoric transgender offenders by revamping the Standards

Offender Signature: O. L. Alexander                    Date: June 21st 2021

Grievance Response:

Offender Alexander, upon further review of your medical record, it indicates that you were seen on 03/05/2021 by the Gender Dysphoria clinic who reviewed medications and labs and request a 6-month follow-up. A SCR was received on 03/06/2021 and a response given that you were seen 03/05/2021. A SCR was received on 08/02/2021 and a response given that you were to be scheduled. You were seen 08/05/202 by a provider who noted that you were pending an appointment with the Gender Dysphoria Clinic. You were seen 09/03/2021 by the Gender Dysphoria clinic who reviewed medications and labs and request a 6-month follow-up. Access to care was appropriately provided. As a reminder of the proper grievance process, please submit an I-60 to the medical administrator for medical concerns. It takes 14 days or less to receive a response via I-60 versus 45 days to receive a grievance response.

Signature Authority: _____          Date: _____

Sr. Practice Manager

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:       *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

**OFFICE USE ONLY**

Initial Submission        UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission        UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission        UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)                    Appendix F



## Texas Department of Criminal Justice

# STEP 2

### OFFENDER GRIEVANCE FORM
medical complaint

OFFICE USE ONLY

Grievance #: 2022039415

UGI Recd Date: APR 2 8 2022

HQ Recd Date: MAY 0 3 2022

Date Due: 6-12-22

Grievance Code: 1024

Investigator ID#: I0352

Extension Date:

Offender Name: Darrold Alexander   TDCJ # 738890

Unit: Stiles   Housing Assignment: 3bldg C-01

Unit where incident occurred: mark w. Stiles unit

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).   *I am dissatisfied with the response at Step 1 because...*

Fore most. this appeal is based on the circuit court(s) analysis given Jale lenta VS Johnson 2013 US. App Lexis 2005 (Fourth cir VA. 2013)

basis of this appeal; the issue that was circumvented by the Step I investigative Phase of this complaint is that subjection of Gender Dysphoric transgender Offender(s) to transmisogynistic(proselyzatic and/or conversionary Psychotherapy is in actuality a wanton failure of the TDCJ(S) contractual unit level Q.M.H.P.(S) to Provide such Offenders with adequate and effective Ameliorative treatment for a serious mental illness... I.E to Provide gender transitioniaring related treatment for Gender Dysphoria emulative of the WPATH(S) Triadic treatment sequence. Their doing so is Injurious Psychologically and can exacerbate the "distress that is interest of Gender Dysphoric transgen person. According to the WPATH(S) Standards of care Q.M.H.P(S) should ✱ have familiarity with gender-nonconformity; ✱ Act with appropriate cultural competence ✱ Exhibit sensitively i providing care. The issue grieved in step I of this complaint and subject of this appeal is that the Psychotherapy (on a unit level) that Gender Dysphoric transgender Offenders receiv from the TDCJ(S) contractual unit level Q.M.H.P(S) Is not!! the Psychotherapy intende by the WPATH(S) Triadic treatment sequence. Argument Suggesting This Appeal; Accordin to the American Psychiatric Association transmisogynistic Proselytization and conversion Psychotherapy are both Psychotically debilitating enervating and aggravates Varying degress of emotional distress In gender Dysphoric transgender Person(S) "Emotional distress (I.E mental suffering; mental anguish; mental or nervous shock or the like) including all highly unpleasant mental reactions (I.E fright; horror; grief; Shame; humiliation; embarrassment Anger; Chagrin disappointment

shock, or the (N/a) including all highly unpleasant mental actions (I.E fright, horror, grief, shame, humiliation embarrassment, anger, chagrin, dissappointment, worry, ET. AL) results from another person conduct as provocate or. That physicologically injuries neither transmissogynistic prose-lzation nor conversional pschotherpy, draws blood, breaks bone, causes grievious physical injury or incapacitates a Gender Dysphoric indoctrination ot biological Sex.

Offender Signature: _S. L. Alexander_     Date: _April 25th 2022_

**Grievance Response:**

A review of the medical grievance and documentation has been completed regarding your medical complaint for evaluation and treatment of the mental health provider.

You have refused any evaluation by the Gender Dysphoria Clinic on 03/1/2022. Your medications Estradiol and Spironolactone have been discontinued due to non- compliance. There is no documentation you have seen mental health for any evaluations. You may submit a sick call request to discuss your referral with the unit medical provider to the Gender Dysphoria Clinic and issues with mental health problems.

The documentation indicates you did not attempt informal resolution of your medical concerns with the medical supervisory staff. Your facility has an informal complaints process in place. If you have future medical, dental, or psychiatric -related complaints, you must first attempt resolution through this process. Please refer to Correctional Managed Healthcare Policy {CMHC} A.12.1 HAS-34.

Signature Authority: STEP II MEDICAL GRIEVANCE PROGRAM    Date: _5-10-22_
OFFICE OF PROFESSIONAL STANDARDS
TDCJ HEALTH SERVICES DIVISION

Returned because:   *Resubmit this form when corrections are made.*

- ☐ 1. **Grievable time period has expired.**
- ☐ 2. **Illegible/Incomprehensible.***
- ☐ 3. **Originals not submitted. ***
- ☐ 4. **Inappropriate/Excessive attachments.***
- ☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**
- ☐ 6. **Inappropriate.***

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission    CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2nd Submission    CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3rd Submission    CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

Appendix G

# Texas Department of Criminal Justice

3C-13b

# STEP 1

## OFFENDER GRIEVANCE FORM

re: medical complaint

Alexander, Darroll
738390

**Offender Name:** D. Alexander     **TDCJ #** 738390

**Unit:** Stiles Unit     **Housing Assignment:** 3Bldg-C-01-13-B

**Unit where incident occurred:** Stiles Unit / TDCJ(S) Health Services Division

**OFFICE USE ONLY**

Grievance #: 2022039415

Date Received: DEC 1 0 2021

Date Due: 1-24-22

Grievance Code: 624

Investigator ID #: 2619

Extension Date: 3-10-22

Date Retd to Offender: APR 27 2022

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Dr. Lanette Linthicum/Dir. TDCJ Health Services/et al     When? Dec 3R, 2021

What was their response? Official contacted has been unresponsive to issue grieved.

What action was taken? Issue grieved remains unresolved as of complaints filing date.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate Foremost: the issue grieved herein is applicable Only !!! to the TDCJ(S) contractual unit level mental Health providers who have interactions with Transgender offender(s) OR !!! those who provide them psycho therapy in a manner contradictive to WPATH(s) "standard's of care".

Basis of this medical complaint: The substantiveness of this medical complaint is that Gender Dysphoric, transgender Offender(s) Do Not !!! receive adequate and effective psychotherapy from the TDCJ(S) contractual unit level Q.M.H.P.(S) when the incongruities of their dysphoria manifests most Q.M.H.P.(s) subject them to either "trans-misogynistic resexualization or conversionary psychotherapy" to dissolve their certitude of their gender identity (et. Al) - In Instances when a transgender offender or Gender Dysphoric, transgender offender exhibits indicia of Gender Dysphoria (i.e. Varying severities of depression, Anxiety, verbal expressions of self-harm et. Al) the TDCJ(S) contractual unit level Q.M.H.P.(S) will (often times) talk to them as if they are non-person(s); talk around them; talk over them; hardly ever (sometimes never) letting them get a word in edgewise and/or are largely dismissive concerning their gender identity issues (et. Al) this type of "psychotherapy" is far left of that which is a treatment aspect of WPATH(s) "Standards of Care" therefore Ineffective healthcare for the treatment of Gender Dysphoria. Argument Supporting this medical complaint: Psychotherapy is not intended to Alter a Transgender person(s) gender identity rather Psychotherapy is intended to help an Individual explore their gender concerns and find ways to Alleviate gender Dysphoria. The overarching treatment goal is to help transgender person(s) (et. Al) Achieve long term Comfort in their gender identity gender expression (et. Al) by this Is Not !!! Attainable by the Acrimonious behavior(s) of the TDCJ(S) contractual unit level Q.M.H.P.(S) as described herein thus denying Gender Dysphoric, transgender

---

I-127 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Action Requested to resolve your Complaint. Psychotherapy Administered to Gender Dysphoric Transgender Offender(s) need to comply with WPATH(S) "Standards of care.

Offender Signature: _D. I. Algander_          Date: _Dec 10 th, 2021_

Grievance Response:

Offender Alexander, upon further review of your medical record, it indicates that you were seen on 09/03/2021 by the Gender Dysphoria Clinic who ordered labs and noted that you would be scheduled in 6 months for a follow-up. You signed a refusal for labs on 11/24/2021. You were scheduled for the Gender Dysphoria clinic on 03/01/2022 but signed a refusal. You were discontinued from the Gender Dysphoria clinic on 03/01/2022 Access to care was appropriately provided. As a reminder of the proper grievance process, please submit an I-60 to the medical administrator for medical concerns. It takes 14 days or less to receive a response via I-60 versus 45 days to receive a grievance response.

Signature Authority: _[signature]_          Date: _4/7/22_

Sr. Practice Manager

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission ............ UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Rec'd from Offender: _____

Date Returned to Offender: _____

2nd Submission          UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Rec'd from Offender: _____

Date Returned to Offender: _____

3rd Submission          UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Rec'd from Offender: _____

Date Returned to Offender: _____

Appendix F



**Texas Department of Criminal Justice**

**STEP 2**        OFFENDER
                  GRIEVANCE FORM

4

OFFICE USE ONLY

Grievance #: 2021132531

UGI Recd Date: APR 2 5 2022

HQ Recd Date: MAY 0 3 2022

Date Due: 6.9.22

Grievance Code: 604

Investigator ID#: I0352

Extension Date: _____

Offender Name: D. Alexander        TDCJ #738390

Unit: Stiles Unit        Housing Assignment: 3Bldg-C-01-13-B

Unit where incident occurred: Stiles Unit / TDCJ-CID

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

Give reason for appeal (Be Specific).    *I am dissatisfied with the response at Step 1 because...*

FOREMOST; This Appeal is based on the Circuit Court(s) analysis given in "De'Lonta vs. Johnson, 2013 U.S. App. LEXIS 2005 (Fourth Cir. Va, 2013)

BASIS OF THIS APPEAL; The issue was circumvented by the Step I investigative phase of this complaint, is that Objection of Gender Dysphoric, transgender offender(s) to transmisogynistic proselyzation and/or conversionary psychotherapy is in actuality a wanton failure of the TDCJ(s) contractual, unit level Q.M.H.P(s) to provide such offender with adequate and effective ameliorative treatment for a serious mental illness... IE, to provide gender transitioning related treatment for Gender Dysphoric emulative of the WPATH(s) Triadic Treatment Sequence. Their doing so is injurious psychologically, and can exacerbate the "distress" that is inherent of Gender Dysphoric transgender person(s). According to the WPATH(s) "STANDARD-OF-CARE" Q.M.H.P(s) should (*) "have familiarity with gender-non conformity", (*) "Act with appropriate cultural competence", (*) "Exhibit sensitivity in providing care". The issue grieved in step I of this complaint, and the subject of this appeal, is that the psychotherapy (on a UNIT LEVEL) that Gender Dysphoric, transgender offenders receive from TDCJ(s) contractual, unit level Q.M.H.P.(s) IS NOT!!! the psychotherapy intended by the WPATH(s) Triadic Treatment Sequence.

ARGUMENT SUPPORTING THIS APPEAL; This Appeal; According to the American Psychiatric Association transmisogynistic proselyzation and conversionary psychotherapy are both psychologically debilitating, enervating and aggregates varying degrees of emotional distress in Gender Dysphoric, transgender person(s) "Emotional Distress" (I.E. mental suffering, mental anguish, mental or nervous

I-128 Front (Revised 11-2010)        YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM        (OVER)

Appendix G

**Offender Signature:** *D. L. Alexander*   **Date:** *April 25th, 2022*

**Grievance Response:**

A review of the medical grievance and documentation has been completed regarding your medical complaint for Gender Dysphoria Clinic to have extended authority in the treatment of Gender Dysphoria.

According to the medical documentation you have been afforded evaluations and treatment by the Gender Dysphoria specialist on 03/05/2021 with medication and labs reviewed. You were evaluated again on 09/03/2021 with review of your medication and labs and advised to return in 6months. You signed a refusal for the Gender Dysphoria Clinic on 03/1/2022 and your Estradiol and Spiro lactone was discontinued. You have been advised to submit a Sick Call request to the unit provider to be re referred to the Gender Dysphoria specialist.

The review of the documentation indicates you did not attempt informal resolution of your medical concerns with the medical supervisory staff. Your facility has an informal complaints process in place. If you have future medical, dental, or psychiatric related complaints, you must first attempt resolution through this process. Please refer to Correctional Managed Healthcare Policy [CMHC] A.12.1 HSP-34.

**Signature Authority:** _____   **Date:** *5-10-22*

STEP II MEDICAL GRIEVANCE PROGRAM
OFFICE OF PROFESSIONAL STANDARDS
TDCJ HEALTH SERVICES DIVISION

**Returned because:**   *Resubmit this form when the problem is corrected.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened    ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2ⁿᵈ Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened    ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3ʳᵈ Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened    ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

Appendix G

# Texas Department of Criminal Justice

**3C-13**

## STEP 1 OFFENDER GRIEVANCE FORM

MEDICAL COMPLAINT

**OFFICE USE ONLY**

Grievance #: 2021132531

Date Received: 07-07-2021

Date Due: 08-21-2021

Grievance Code: 1004

Investigator ID #: I 2711

Extension Date: 10/05/2021

Date Retd to Offender: APR 18 2022

Offender Name: D. Alexander  TDCJ # 738390

Unit: Stiles Unit  Housing Assignment: 3 Bldg. C-01-13-13

Unit where incident occurred: Stiles Unit / TDCJ-CID

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Dr. Lannette Linthicum (Dir. TDCJ Health Ser.) When? June 28, 2021

What was their response? Official contacted has been unresponsive to issue grieved.

What action was taken? Issue grieved remains unresolved as of complaints filing date.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

FORMOST: The issue grieved herin is applicable ONLY!! to the TDCJ(s) contractual, unit level, Mental Health providers who have interactions with transgender offender(s) or!! those who provide them psychotherapy; in a manner contradictive to WPATH(s) "Standards of Care"

BAISIS OF THIS MEDICAL COMPLAINT: The substantiveness of this medical complaint is that Gender Dysphoric, transgender offender(s) DO NOT!! recieve adequate and effective psychotherapy from the TDCJ(s) contractual, unit level Q.M.H.P.(s) when the sincererities of thier "dysphoria" manifest. Most Q.M.H.P.(s) subject them to either "trans-misogynistic prosleytation" or "conversionary psychotherapy" to dissuade thier certitude of thier gender identity (et. al). In instances when a transgender offender or Gender Dysphoric, transgender offender exhibits indicia of a Gender Dysphoric (I.E varying severities of depression, anxiety, verbal expressions of self-harm (ET.AL) the TDCJ(s) contractual, unit level Q.M.H.P(s) will (oftentimes) talk to them (es if they are non-persons); talk around them; tell/con them, hardly even (sometimes never) letting them get a word in edgewise and/or are largely dismissive concerning thier gender identity issue(s) (ET.AL). This type of psychotherapy is tarlet of that wich is a treatment aspect of WPATH(s) "STANDARDS OF CARE" thereafter ineffective healthcare for the treatment of Gender Dysphoria.

ARGUMENT SUPPORTING THIS MEDICAL COMPLAINT: Psychotherpy is not intended to to alter a transgender person(s) gender identity; rather, psychotherapy is intended to help an individual explore thier gender concerns and find ways to alleviate gender dysphorea. The overarching treatment goal is to help transgender person(s) (ET.AL) achieve longterm comfort in thier gender in thier gender identity; gender expression

---

I-127 Front (Revised 11-2010)  **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**  (OVER)

(ETIAL) by their prior attached by all Dermatoses behaviors of the TDCJ(S)
contracted unit level Q.M.H. PCS) as described herein this denying Gender Dysphoric
transgender offender(S) adequate and effective psychotherapeutic treatment for
Gender Dysphoria.

Action Requested to resolve your Complaint.
Psychotherapy, Administered to Gender Dysphoric, transgender offender(S) needs to
comport with WPATH(S) "Standards of Care"

Offender Signature: _D. L. Alexander_     Date: _July 7th, 2021_

**Grievance Response:**
Offender Alexander, upon further review of your medical record, it indicates that you were seen on 03/05/2021 by the Gender Dysphoria clinic who reviewed medications and labs and request a 6-month follow-up. A SCR was received on 03/06/2021 and a response given that you were seen 03/05/2021. A SCR was received on 08/02/2021 and a response given that you were to be scheduled. You were seen 08/05/202 by a provider who noted that you were pending an appointment with the Gender Dysphoria Clinic. You were seen 09/03/2021 by the Gender Dysphoria clinic who reviewed medications and labs and request a 6-month follow-up. Access to care was appropriately provided. As a reminder of the proper grievance process, please submit an I-60 to the medical administrator for medical concerns. It takes 14 days or less to receive a response via I-60 versus 45 days to receive a grievance response.

Signature Authority: _[signature]_ Sr. Practice Manager     Date: _4/6/2_

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.

Medical Signature Authority: _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Rec'd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Rec'd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Rec'd from Offender: _____ | |
| Date Returned to Offender: _____ | |

I-127 Back (Revised 11-2010)

Appendix F

*Continual Discriminatory Denial Of Medical Pass*

## Texas Department of Criminal Justice

*Medical Complaint*

# STEP 2 OFFENDER GRIEVANCE FORM

*ACCEPT AS ORIGINAL*



| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2023064538 |
| UGI Recd Date: | MAR 13 2023 |
| HQ Recd Date: | MAR 20 2023 |
| Date Due: | 4/27/23 |
| Grievance Code: | 648 |
| Investigator ID#: | I0352 |
| Extension Date: | |

Offender Name: Darrold L. Alexander TDCJ # 738390

Unit: Estelle Unit    Housing Assignment: E2-3-12-B

Unit where incident occurred: Estelle Unit Medical Dept

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

Basis Of This Appeal: Appellant is a transgender inmate diagnosed as Gender Dysphoric in accordance with the criterias of CMHC Policy G-51.11 that is categorized within the Correctional Managed Health Care Policy Manual under Sec. G ("Special Needs And Services") thereby Appellant (by being Gender Dysphoric) is a "special needs inmate" whom are defined by TDCJ Policy as; "Inmates who require Special Consideration!!! with regard to require treatment due to current medical and/or mental health status (including inpatients and outpatients)." Via the filing of this Step II appeal Appellant again request, as a "special needs inmate", medical/special accommodation...I.E, issuance of a medical/shower pass granting Appellant to shower separately/privately from other inmate(s).

Validity Of This Appeal: Gender Dysphoria, defined by the American Pyschiatric Association is; "Clinically significant distress by an incongruence between gender identity and assigned sex." Dealing with the daily rigmorole (et. al) to shower (or being showered with cisgender, General Pop. inmates) is mentally/emotionally arduous for Appellant and exacerbates the inherent morbidities of Gender Dysphoria (I.E., intense anxiety, depression, sleeplessness et. al).

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

_Point Of This Appeal: Issuance of a medical/shower pass by Estelle Unit Medical (i.e. granting her "special accommodation") would allow her to actually shower separately from other inmates. Denial/continual denial by Estelle Unit Medical, warrants the filing of this Step II_

**Offender Signature:** _D. Alexander_                    **Date:** _March 20th, 2023_

**Grievance Response:**

A review of the Step 1 medical grievance has been completed regarding your report you are being denied a medical shower pass.

According to documentation, the appellate review of the medical grievance supports the response provided at the Step 1 level. You have not been medically diagnosed as a gender dysphoric patient at this time. You were referred to gender dysphoria specialty clinic on 11/15/22. However, you missed two different scheduled encounters with this clinic. Your request for a shower pass is not handled by medical as security ensures your safety. Please submit a Sick Call Request to be re-evaluated in the gender dysphoria clinic.

No further investigation is warranted through the grievance process for this issue. Review of the documentation indicates you would benefit from review of Correctional Managed Health Care (CMHC) policy G-51.1 for any further gender dysphoria concerns. Should you feel your medical concerns require further evaluation you may submit a Sick Call Request to the medical department.

**STEP II MEDICAL GRIEVANCE PROGRAM**
**OFFICE OF PROFESSIONAL STANDARDS**                    **03/28/2023**
**TDCJ HEALTH SERVICES DIVISION**
**Signature Authority:** _____    **Date:** _____

| Returned because:     *Resubmit this form when corrections are made.* | OFFICE USE ONLY |
|---|---|
| ☐ **1. Grievable time period has expired.** | **Initial Submission**       **CGO Initials:** _____ |
| | Date UGI Recd: _____ |
| ☐ **2. Illegible/Incomprehensible.*** | Date CGO Recd: _____ |
| ☐ **3. Originals not submitted. *** | (check one) ____ Screened ____ Improperly Submitted |
| | Comments: _____ |
| ☐ **4. Inappropriate/Excessive attachments.*** | Date Returned to Offender: _____ |
| ☐ **5. Malicious use of vulgar, indecent, or physically threatening language.** | **2nd Submission**       **CGO Initials:** _____ |
| | Date UGI Recd: _____ |
| ☐ **6. Inappropriate.*** | Date CGO Recd: _____ |
| | (check one) ____ Screened ____ Improperly Submitted |
| | Comments: _____ |
| | Date Returned to Offender: _____ |
| **CGO Staff Signature:** _____ | **3rd Submission**       **CGO Initials:** _____ |
| | Date UGI Recd: _____ |
| | Date CGO Recd: _____ |
| | (check one) ____ Screened ____ Improperly Submitted |
| | Comments: _____ |
| | Date Returned to Offender: _____ |

I-128 Back (Revised 11-2010)                                        Appendix G

## Texas Department of Criminal Justice

**STEP 1**

ACCEPT AS OFFENDER GRIEVANCE FORM

E2-312

Medical Complaint

**OFFICE USE ONLY**

Grievance #: 2023064538

Date Received: FEB 06 2023

Date Due: 03-23-2023

Grievance Code: 648

Investigator ID #: I 2914

Extension Date:

Date Retd to Offender: FEB 23 2023

Offender Name: Darrold L. Alexander TDCJ # 738390

Unit: Estelle Unit Housing Assignment: E2-3-12-B

Unit where incident occurred: Estelle Unit Medical Dept

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Estelle Unit Medical Dept   When? Jan 27, 2023 / Feb 3rd, 2023

What was their response? Dismissive of the issue grieved herein.

What action was taken? Issue grieved herein remains unresolved as of date.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Discriminatory Denial of Transgender Inmate(s)
Request For Medical Accommodation

Premise Of This Medical Complaint: Grievant is a transgender diagnosed as Gender Dysphoric. According to Sec. II(B)(7) of the TDCJ Safe Prisons Plan; "Offenders identified as transgender or intersex shall be!!! given the opportunity to shower separately from other offenders in accordance with Correctional Managed Health Care policies" Prior to filing this medical complaint Grievant (from Jan 27th 2023 till Feb 3rd, 2023) contacted Estelle Unit Medical Dept and quired the interpretation of: (A) Specifically what does "in accordance with Correctional Managed Health Care policies" mean and; (B) What are those Correctional Managed Health Care policies exactly??? To these quiries Grievant received Blame Game type responses from Estelle Unit Medical Dept. In accordance with CMHC Policy A.08.8 (Medical Passes) Grievant requested from Estelle Unit Medical Dept medical accommodation...i.e. issuance of a medical/shower pass. This request (of course!!!) wasn't acted upon by Estelle Unit Medical Dept. Grievant(s) filing of this medical complaint is her contestation of Estelle Unit Medical Dept dismissiveness of her justified request for medical accommodation as a transgender inmate.

---

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

**Action Requested to resolve your Complaint.**
Granting of medical accommodation, in the form of issuance of a medical /shower pass to actually shower separately from other offender(s).

**Offender Signature:** D. L. Alexander          **Date:** Feb 7th, 2023

**Grievance Response:**

Review of your medical records reveals that you have been informed that security will ensure
you are afforded access to your showers; medical does not have a transgender medical pass.
Please contact a security ranking officer if you are having issues. No further action is warranted
at this time.

Jamie Williams, Senior Business Manager

**Signature Authority:** Jamie Williams                          **Date:** 2/10/23

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:**

**Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.**

**Medical Signature Authority:**

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Rec'd from Offender: | |
| Date Returned to Offender: | |
| 2nd Submission | UGI Initials: |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Rec'd from Offender: | |
| Date Returned to Offender: | |
| 3rd Submission | UGI Initials: |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Rec'd from Offender: | |
| Date Returned to Offender: | |

**I-127 Back** (Revised 11-2010)

Appendix F

# ADDENDUM B

GRIEVANCES

Supporting

Claim

Two



# Texas Department of Criminal Justice

E 2-307B

## STEP 2    OFFENDER GRIEVANCE FORM

Safe Prisons Complaint

Offender Name: Darrold L. Alexander   TDCJ# 738390

Unit: Estelle Unit     Housing Assignment: E2-307-Bottom

Unit where incident occurred: W.J Estelle Unit HSG228
HSG228

**OFFICE USE ONLY**

Grievance #: 2023069750

UGI Recd Date: AUG 1 4 2023

HQ Recd Date: AUG 1 6 2023

Date Due: 9/23/2023

Grievance Code: 200

Investigator ID#: JNJ60

Extension Date: NOV 0 2 2023

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

Basis Of This Appeal: Estelle Unit (March 14th, 2023) underwent a PREA Audit. According to the Estelle Unit Safe Prisons Sgt the findings of that PREA Audit was that the Estelle Unit was found to be to be non-compliant/in violation of many Safe Prisons mandates relative to trans-women assigned to the Estelle Unit. These findings by the PREA Auditor, contradict the investigative determinations given to Step I of this complaint thereby substantiating it. The filing of this appeal is Appellant complying with/satisfying the "fair notice" and "fair opportunity" stipulations of the Prison Litigation Reform Act.

**I-128 Front** (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

**Offender Signature:** _D. L. Alexander_     **Date:** _Aug 14th, 2023_

**Grievance Response:**

An investigation has been conducted by the Central Grievance Office. You have not presented any valid reason to warrant a housing change and you are appropriately housed. Records show you are housed in PA housing which is designed to Safekeeping P2 and P3 custody, in which you are currently P2. Housing assignments are based on the needs of the facility and/or security concerns. No further action is warranted by this office.

_H. M. Pederson_

NOV 0 2 2023

**Signature Authority:** _____     **Date:** _____

**Returned because:**     *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

Offender Signature:

Grievance Response:

Signature Authority:

Returned because:     *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

**I-128 Back (Revised 11-2010)**

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2nd Submission          CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3rd Submission          CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**Appendix G**

| Grievance # | Inmate Name | TDCJ# | Unit |
|---|---|---|---|
| 2023069750 | ALEXANDER,DARROLD LATRELL | 00738390 | E2 |

82-307



## Texas Department of Criminal Justice

### *NOTICE OF EXTENSION*

### *Inmate Grievance Office*

In accordance with the procedures outlined in BP-03.77 "Inmate Grievances" and AD-03.82, "Management of Inmate Grievances", you are hereby notified that additional time is necessary to complete the investigation of your:

**Step 1 Grievance:** *(check the applicable box)*

☐ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☐ An additional 40 days is needed for appropriate response to your grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 1 grievance.

**Step 2 Grievance:** *(check the applicable box)*

☐ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☒ An additional 40 days is needed for appropriate response to your grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 2 grievance.

A.  Hope   Admin Assistant II                          09/16/2023

_____                _____
Name and Title                                                      Date

**Original – Send to Inmate**
Copy – Attach to the Grievance

Inmate Grievance Operation Manual
Appendix M

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

Safe Prisons Complaint



| | |
|---|---|
| **OFFICE USE ONLY** | |
| Grievance #: | 2023069750 |
| Date Received: | FEB 17 2023 |
| Date Due: | 03-29-23 |
| Grievance Code: | 200 |
| Investigator ID #: | I00114 2915 |
| Extension Date: | 05/09/0000 00 1, 2023 |
| Date Retd to Offender: | AUG 0 1 2023 |

**Offender Name:** Darrold L. Alexander  **TDCJ #** 738390

**Unit:** Estelle Unit  **Housing Assignment:** E2-3-12-B

**Unit where incident occurred:** W.J. Estelle Unit

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Estelle Unit Safe Prisons Office When? Feb 7th, 2023

What was their response? Unresponsive as of complaints filing date.

What action was taken? Issue grieved herein remains unresolved as of date.

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Safe Prisons Complaint Of Estelle Units Violations
Of Safe Prisons Compliance Relative To The
Assignment Of Transgender Inmate(s)

PREMISE: Grievant is a transgender inmate. According to Sec. III (C)(8) of the TDCJ Safe Prisons Plan; "When deciding to assign a transgender or intersex offender to a unit for male or female offenders, and when making other housing and programming assignment consideration Shall Be!!! made on a case-by-case basis with regard to the health and safety of the offender and potential management or security problems." Assigning transgender inmates to the Estelle Unit (i.e., Grievant her class) starkly contradicts and disregards; (A) Issues of their mental/emotional health applicable to trans-woman diagnosed as Gender Dysphoric undergoing gender-transitioning; (B) Safety in relation to General Population Inmate(s); (C) Potential management and security problems pertaining to housing, cross-gender-viewing, predatory/voyeuristic viewing, showers (et. al). Grievant(s) filing of this complaint is in accordance with/justified by Sec. III (C)(9)(8) of the TDCJ Safe Prisons Plan and satisfaction of Prison Litigation Reform Acts "fair notice" and "fair opportunity" requirements.

---

**I-127 Front** (Revised 11-2010)  **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**  (OVER)

Appendix F

Validity: Estelle Units incompability, relative to the assignment of transgender inmates, violates and continues to violate as of this complaints filing date;

(A) Sec. III (C)(1)(2) — Sec. III (C)(9)(B) — Housing;

(B) Sec. II (B)(6) — Privacy/Cross-Gender-Viewing;

(C) Sec. II (B)(7) — Showers of the TDCJ Safe Prisons Plan.

**Action Requested to resolve your Complaint.**
Violations of the TDCJ Safe Prisons Plan, as grieved herein need to be corrected to resolve this Safe Prisons complaint.

**Offender Signature:** D. L. Alexander                    **Date:** Feb 17th, 2023

**Grievance Response:**

An investigation was conducted. According to Classification, you are housed appropriately according to policy. No further action is warranted.

**Signature Authority:** _Talla Metca V_  A.W.T. Metcalf        **Date:** 7-28-28

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.*

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #_____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

~~FACILITY OPERATIONS~~

# Texas Department of Criminal Justice

## STEP 2    OFFENDER GRIEVANCE FORM



Safe Prisons Complaint

Offender Name: Darrold L. Alexander   TDCJ # 738390

Unit: Estelle Unit    Housing Assignment: F2-3-12-B

F2:307

Unit where incident occurred: Estelle Unit/Safe Prisons Office

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: | 2023078634 |
| UGI Recd Date: | MAY 0 8 2023 |
| HQ Recd Date: | MAY 15 2023 |
| Date Due: | 6-17-23 |
| Grievance Code: | 510 |
| Investigator ID#: | I 2897 |
| Extension Date: | JUL 27 2023 |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).    *I am dissatisfied with the response at Step 1 because...*

Basis Of This Appeal: Investigative determinations given by Asst. Warden Blackshire to Step 1 of this complaint are inate and circumvented of its premise. Why??? Because: (A) What time Estelle Unit transgender inmates shower is irrelevant to the premise of the Step 1 complaint, and; (B) Capt. Ferguson is not an Estelle Unit Safe Prisons offical. The complaint is against Estelle Unit Safe Prisons offical(s) for their Abject Failure (continuing abject failure!!!) to stridently ensure/enforce that Estelle Unit Security (its entire Rank & File) uniformly comply with Sec. II(B)(7) of the TDCJ Safe Prisons Plan beyond merely changing the showering time of Estelle Unit(s) transgender inmates which it has done numerous times but their doing so has proven to be a "bicycle patch" type solution that Does Not!!! ensure/enforce uniform compliance with Sec. II(B)(7) of the TDCJ Safe Prisons Plan by Estelle Unit Security hence justification for the filing of this appeal.

Argument Supporting This Appeal: Capt. Ferguson is correct that Estelle Unit(s) transgender inmate(s) shower at 1:00pm but during this time period they are still showered in catch-as-catch-can manner oftentimes clashing with the shower times of General Population inmate(s).

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

Approved

POINT OF THIS APPEAL: Estelle Unit Safe Prisons offical(s) have changed the location where Estelle Unit transgender inmate(s) shower, time when they shower but an actual changing of policy thereby ensuring adherence/compliance with Sec. II(B)(7) of the TDCJ Safe Prisons Plan by Estelle Unit Security.

**Offender Signature:** O. L. Alexander          **Date:** May 8th 2023

**Grievance Response:**

An investigation has been conducted by the Central Grievance Office. You have not presented any evidence or information that was not considered by the investigator at the Step-1 level. The available evidence supports the conclusion of the Step-1 investigation. According to statements received, transgender showers are at 1:00pm and are conducted at the South Shower. Nothing was discovered to suggest staff violated policy and/or any employee misconduct. No further action is warranted by this office.

H. M. Pederson

**Signature Authority:**          **Date:** OCT 2 4 2023

**Returned because:**   *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**          **CGO Initials:**

Date UGI Recd: _____

Date CGO Recd: _____

(check one) _____ Screened _____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**2nd Submission**          **CGO Initials:**

Date UGI Recd: _____

Date CGO Recd: _____

(check one) _____ Screened _____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission**          **CGO Initials:**

Date UGI Recd: _____

Date CGO Recd: _____

(check one) _____ Screened _____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)          **Appendix G**

E2-302

| Grievance # | Inmate Name | TDCJ# | Unit |
|---|---|---|---|
| 2023078634 | ALEXANDER,DARROLD LATRELL | 738390 | E2 |



# Texas Department of Criminal Justice

## *NOTICE OF EXTENSION*

### *Inmate Grievance Office*

In accordance with the procedures outlined in BP-03.77 "Inmate Grievances" and AD-03.82, "Management of Inmate Grievances", you are hereby notified that additional time is necessary to complete the investigation of your:

**Step 1 Grievance:** *(check the applicable box)*

☐ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☐ An additional 40 days is needed for appropriate response to your grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 1 grievance.

**Step 2 Grievance:** *(check the applicable box)*

☐ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☑ An additional 40 days is needed for appropriate response to your grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 2 grievance.

J. Riley                                           6/16/2023
_____                _____
Name and Title                                     Date

**Original – Send to Inmate**
Copy – Attach to the Grievance

# Texas Department of Criminal Justice

ACCEPT AS

ORIGINAL **STEP 1** **OFFENDER GRIEVANCE FORM**

E2-3-12

Safe Prisons Complaint

**OFFICE USE ONLY**

Grievance #: 2023078|634

Date Received: MAR 1 3 2023

Date Due: 04·22·2023

Grievance Code: 510

Investigator ID #: 24004

Extension Date: 6-1-23 12571·

Date Retd to Offender: MAY 0 4 2023

Offender Name: Darrold L. Alexander TDCJ # 738390

Unit: Estelle Unit Housing Assignment: E2-3-12-B

Unit where incident occurred: Estelle Unit / Safe Prisons Office

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Estelle Unit Safe Prisons Office When? March 9th, 2023

What was their response? Official contacted has been unresponsive as of date.

What action was taken? Issue grieved herein remains unresolved as of date.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Facility Operations / Showering of Transgender Inmate(s)

Premise: Grievant is a transgender inmate. According to Sec. II(B)(7) - TDCJ Safe Prisons Plan; "Offenders identified as transgender or intersex shall be !!! given the opportunity to shower separately from other offenders in accordance with CMHC polices" Adherence/compliance with this mandate of the TDCJ Safe Prisons Plan is the responsibility of/enforced by the oversight of TDCJ Safe Prisons Offical(s). As of this complaints filing date Estelle Unit Safe Prison Offical(s) have failed (continue to fail !!!) to ensure adherence/compliance with Sec. II(B)(7) of the TDCJ Safe Prisons Plan by Security of the Estelle Unit thereby justifying the filing of this viable complaint against Estelle Unit Safe Prisons Offical(s) and Estelle Unit Security.

Validity: According to TDCJ Policy; "Offenders shall be given the opportunity to shower"....."Offenders shall normally shower one time each day." Interpretively this is applicable to cisgender offenders whereas Sec. III(B)(7) of the TDCJ Safe Prisons Plan particularizes/specifies the showering of transgender and intersex offender(s)"....I.E., gender differention

MAR 1 0 2023

I-127 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix F

ARGUMENTATION: Estelle Unit Security, starkly contradictory to Sec. II(B)(7) of the TDCJ Safe Prisons Plan, affords transgender INMATES IN A catch-as-catch-can manner primarily because:

(A) Estelle Unit Safe Prison Offical(s) do not stridently mandate that Estelle Unit Security comply with Sec. II(B)(7) of TDCJ Safe Prisons Plan, and;

(B) There is not a "transgender inclusive" TDCJ Policy exacting the showering of transgender INMATES.

MAR 10 2023

**Action Requested to resolve your Complaint**
GRIEVANT, to resolve this complaint, request be showered in ACCORDANCE with Sec. II(B)(7) of the TDCJ Safe Prisons Plan.

**Offender Signature:** _D. L. Alexander_  **Date:** _March 10th, 2023_

**Grievance Response:**

The grievance office has investigated your concern. According to Captain Ferguson, transgender inmates shower at 1:00 p.m. Your allegations of unprofessional conduct by staff could not be substantiated. Staff conduct will continue to be monitored to ensure professionalism and policy compliance. Immediate corrective action will be taken should any staff misconduct be confirmed. Based on the evidence at this time, no further action is warranted.

Asst. Warden D. Blackshire

**Signature Authority:** _W. D. B_  **Date:** _5-1-23_

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**  *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☑ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _A Alford_

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _BB_ |
| Grievance #: 2023018164 | |
| Screening Criteria Used: 02-599 | |
| Date Recd from Offender: MAR 10 2023 | |
| Date Returned to Offender: MAR 10 2023 | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

**I-127 Back** (Revised 11-2010)

Appendix F



# Texas Board of Criminal Justice

*Our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime.*

**Eric J.R. Nichols**
**Chairman**

October 25, 2023

ALEXANDER, Darrold #738390
Estelle Unit
264 FM 3478
Huntsville, Texas 77320-3320

RE:  SA-200904310-00001

Inmate Alexander,

This letter is in response to correspondence received October 04, 2023, regarding your allegation of PREA standard violations at the Estelle Unit pertaining to showers and work assignment for inmates who identify as transgender.

The TDCJ has zero tolerance for sexual abuse and sexual harassment and requires all allegations of sexual abuse and sexual harassment to be thoroughly investigated.  The PREA Ombudsman Office is responsible for the oversite of administrative investigations concerning allegations of sexual abuse and sexual harassment.  We fully review each administrative investigation and the unit's response to allegations of sexual abuse and sexual harassment.  In addition, allegations of sexual abuse received in the PREA Ombudsman Office are referred to the Texas Board of Criminal Justice, Office of the Inspector General (OIG) for possible criminal investigation.  Criminal investigations do not fall within the purview of the PREA Ombudsman Office; therefore, any questions regarding a criminal investigation should be directed to the OIG at P.O. Box 4003, Huntsville, Texas 77342.

The PREA Ombudsman Office conducted a review of the unit's administrative investigative reports regarding the allegation, to include statements.  The Estelle Unit advised a showering schedule is in place for transgender inmates.  All transgender inmates are searched separately from other inmates and are assigned work details in accordance with TDCJ policy and the PREA standards.  We completed our investigative review on October 25, 2023.  Based on the information we reviewed, the PREA Ombudsman Office has closed this inquiry request and no further action will be taken.

Sincerely,

*Teresa Gardner*

Teresa Gardner, Manager I
PREA Ombudsman Office
Copy: File

*Complaint Of Transgender Incompatible Housing*

# Texas Department of Criminal Justice

**ACCEPT AS ORIGINAL**

## STEP 2 OFFENDER GRIEVANCE FORM

*Safe Prisons Complaint*



| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2023088d5 |
| UGI Recd Date: | APR 0 6 2023 |
| HQ Recd Date: | APR 1 0 2023 |
| Date Due: | 5-16-23 |
| Grievance Code: | 200 |
| Investigator ID#: | I-2897 |
| Extension Date: | JUN 2 5 2023 |

Offender Name: **Darrold L. Alexander** TDCJ # **738390**

Unit: **Estelle Unit** Housing Assignment: **E2-3-42-B**

Unit where incident occurred: **Estelle Unit/TDCJ-C-ID E2-307**

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

Justification For This Appeal: Investigative determinations given to Step I of this complaint reflect Investigators misinterpretation of AD.04.17—Sec.(A)(1)(I)(M) And Sec.C(8) of the TDCJ Safe Prisons Plan hence reason for this appeal.

Basis Of This Appeal: According to the TDCJ Safe Prisons Plan— Sec.C(8); The agency Shall Not!!! place lesbian, gay, bisexual, transgender or intersex inmates in dedicated facilities units or wings solely on the basis of such identification...." Omitted are "cells" whereas Sec.III(A)(1)(I)(M) of AD.04.17 allows for housing (in-cell) by transgender identification.

Argument Supporting This Appeal: Housing, in cell, by transgender identification Is Not!!! expressly prohibited by Sec.C(8) of the TDCJ Safe Prisons Plan. Housing by transgender identification Does Not!!! create "dedicated" housing. Whenever regulations give specific list(s) of things, that list indicates the specific target of the legislative intent. Legislators, if they had meant "cells" when conceiving Sec.C(8) of the TDCJ Safe Prison Plan they would particularized "cells" therein.

I-128 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

Point Of This Appeal: Omitting "cells" from Sec. C(8) of the TDCJ Safe Prisons Plan means "cells" are exempt from it thereby allowing housing by transgender identification which Appellant (again) request with the filing of this appeal at the Step I(d) investigative determinations.

**Offender Signature:** D. L. Alexander   **Date:** April 6th, 2023

**Grievance Response:**

An investigation has been conducted by the Central Grievance Office. The answer received on your Step-1 was appropriate. Classification advised you are appropriately housed at this time. However, to clarify, there are multiple factors considered in assigning offender housing including offender assessment, whether the placement ensures the offender's health and safety, and whether the placement presents management or security problems. There is no evidence of policy violations and/or employee misconduct. No further action is warranted by this office.

*H. M. Pederson*
AUG 3 1 2023

**Signature Authority:** _____   **Date:** _____

**Returned because:**   *Resubmit this form when corrections are made.*

☐  1.  **Grievable time period has expired.**

☐  2.  **Illegible/Incomprehensible.***

☐  3.  **Originals not submitted.***

☐  4.  **Inappropriate/Excessive attachments.***

☐  5.  **Malicious use of vulgar, indecent, or physically threatening language.**

☐  6.  **Inappropriate.***

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**          CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**2ⁿᵈ Submission**          CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3ʳᵈ Submission**          CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                                        Appendix G

E2-307

| Grievance # | Inmate Name | TDCJ# | Unit |
|---|---|---|---|
| 2023088665 | ALEXANDER,DARROLD LATRELL | 738390 | E2 |



## Texas Department of Criminal Justice

### *NOTICE OF EXTENSION*

### *Inmate Grievance Office*

In accordance with the procedures outlined in BP-03.77 "Inmate Grievances" and AD-03.82, "Management of Inmate Grievances", you are hereby notified that additional time is necessary to complete the investigation of your:

**Step 1 Grievance:** *(check the applicable box)*

☐ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☐ An additional 40 days is needed for appropriate response to your grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 1 grievance.

**Step 2 Grievance:** *(check the applicable box)*

☐ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☒ An additional 40 days is needed for appropriate response to your grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 2 grievance.

J. Riley                                   5/13/2023
_____                    _____
Name and Title                             Date

**Original – Send to Inmate**
Copy – Attach to the Grievance

Inmate Grievance Operation Manual
Appendix M

T.G
Houzes
# 2023076263 ✓
2023057549



# Texas Department of Criminal Justice
## STEP 1 OFFENDER GRIEVANCE FORM

ACCEPT AS ORIGINAL

Safe Prisons Complaint

OFFICE USE ONLY

Grievance #: 2023088605  2023057549

Date Received: JAN 19 2023

Date Due: 02-28-2023

Grievance Code: 200

Investigator ID #: I294 J2854

Extension Date: 04-09-2023

Date Retd to Offender: APR 03 2023

Offender Name: Darrold L. Alexander  TDCJ # 738390

Unit: Estelle Unit   Housing Assignment: E2-3-12-B

Unit where incident occurred: Estelle Unit/TDCJ-CID

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? TDCJ Safe Prisons Office (Ft. A)  When? Jan 11th, 2023

What was their response? Unresponsive as of complaints filing date

What action was taken? None. Grievance iterated herein remains unresolved.

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Complaint Of TDCJ(s) Transgender "Failure-To-Protect" Housing Policies And Practices

Premise Of This Complaint: Grievant is a transgender inmate. As a transgender inmate her housing assignment with cisgender, male inmate(s) violates Sec. III (A)(1)(I)(M) of AD.04.17 due to the fact that her views (with respect her being housed with cisgender, male inmate(s) Are Not!!! given serious consideration (mandated per Sec. C(9)(B) of the TDCJ Safe Prisons Plan) by the TDCJ Classification Office (Huntsville—S.C.C) nor the TDCJ Safe Prisons Program Office (Huntsville) thereby justifying this complaint.

Basis Of This Complaint: Transgender compatiable housing (i.e. housing by gender identity) is legitimized by AD.04.17— Sec. III(A)(1)(I)(M)— It expressly states therein; "Transgender identification Shall Be!!! considered when making housing assignments". Starkly contradictory to this policy whenever Grievant (or other transgender inmates) make it known to an Applicable Authority (such as TDCJ Classification and/or TDCJ Safe Prisons) the incompatibity of their housing assignments with cisgender (male) inmates, and request housing compatiable to their gender identification (a request

---

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

MANDATED REQUEST (W/IN TDCJ'S SAFE PRISONS PLAN) SUCH A "REQUEST" IS OFTENTIMES IGNORED, DISREGARDED, TREATED DIMISSIVELY (et.al) by TDCJ CLASSIFICATION AND/OR TDCJ SAFE PRISONS THEREBY ABANDONING GRIEVANT (and OTHER TRANSGENDER INMATES) to IN-CELL SITUATIONS THAT POSE A LEGALLY DEFINED "PERVASIVE RISK OF HARM" IN RELATION TO THEIR GENDER IDENTITY. THE ISSUE GRIEVED HEREIN IS VIABLE. VIA THIS OFFICAL COMPLAINT GRIEVANT IS MAKING IT KNOWN TO THE APPLICABLE AUTHORITY HER REQUEST TO BE HOUSED ACCORDING TO HER GENDER IDENTITY.

**Action Requested to resolve your Complaint.** To be HOUSED by GENDER IDENTIFICATION thus IN ACCORDANCE WITH Sec.III(A)(1)(Y)(M) of AD.04.17.

**Offender Signature:** D. L. Alexander     **Date:** Jan 19th, 2023

**Grievance Response:**

*An investigation was conducted. Policy requires that the housing assignment be in compliance with the agency's current classification plan. At this time, it has been determined you are appropriately housed and no policy violation was discovered. No further action is warranted.*

**Signature Authority:** _N. B_     **Date:** 4-3-23

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

I-127 Back (Revised 11-2010)      Appendix F

_Incarcerated Transgender Housing Assignment_



**Texas Department of Criminal Justice**

_Safe Prisons Complaint_

# STEP 2

**OFFENDER GRIEVANCE FORM**

ACCEPT AS ORIGINAL

82-307

| OFFICE USE ONLY |
|---|
| Grievance #: 2023076263 |
| UGI Recd Date: JUL 14 2023 |
| HQ Recd Date: JUL 21 2023 |
| Date Due: 8-23-23 |
| Grievance Code: 200 |
| Investigator ID#: I2754 |
| Extension Date: OCT 02 2023 |

Offender Name: Darrold L. Alexander TDCJ# 738390

Unit: Estelle Unit Housing Assignment: E2-307-B

Unit where incident occurred: Estelle Unit Classifcation

_You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed._

Give reason for appeal (Be Specific).    _I am dissatisfied with the response at Step 1 because..._

FOREMOST: Refer to Step I/Step II GR#2023057549 upon Investigation of this appeal as supporting evidence.

BASIS OF THIS APPEAL: Investigative determination given to Step I of this complaint (i.e., a partial excerpt taken from Sec. III (C)(9) of the TDCJ Safe Prisons Plan) is a boiler plate, circumvented response that tapdances around the issue grieved therein (i.e., failure-to-protect violations of transgender specfic TDCJ Policy(s), relevant to the housing of transgender inmate(s), placed Appellant at high risk of being victimized in relation to her gender identity) thereby justifying this Step II appeal.

ARGUMENT SUPPORTING THIS APPEAL: It is evident by Appellant being housed with Inmate JAMES DERR (TDCJ: #0061534) that;

(A) Sec. III (C)(1)(2) of the TDCJ Safe Prisons Plan was violated thereby resulting in ministerial failure-to-protect committed by Estelle Unit Classification and the Estelle Unit Safe Prisons Office;

---

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

(B) SCREENING CRITERIAS — relative to the housing of transgender inmate(s) — of Sec. II of the TDCJ Safe Prisons Plan and Sec. III(A)(B)(D) of AD.04.17 were ignored by both Estelle Unit Classification and the Estelle Unit Safe Prisons Office.

**Offender Signature:** D. L. Alexander      **Date:** July 13th, 2023

**Grievance Response:**

Your claims have been investigated by this office. You were appropriately advised at the step 1 level. Your housing location is appropriate and in compliance with all policy requirements. Also, there is nothing in policy stating that transgender inmates have to be housed with other transgender inmates. Numerous factors are considered when assigning inmates housing, with the safety and security of the facility being of the utmost importance. No further action is warranted by this office.

**Signature Authority:** J. Back          **Date:** SEP 16 2023

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____

Date UGI Rec'd:_____

Date CGO Rec'd:_____

(check one) ____Screened      ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____

2nd Submission          CGO Initials: _____

Date UGI Rec'd:_____

Date CGO Rec'd:_____

(check one) ____Screened      ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____

3rd Submission          CGO Initials: _____

Date UGI Rec'd:_____

Date CGO Rec'd:_____

(check one) ____Screened      ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**I-128 Back** (Revised 11-2010)                    **Appendix G**

| Grievance # | Inmate Name | TDCJ# | Unit |
|---|---|---|---|
| 2023076263 | ALEXANDER,DARROLD LATRELL | 00738390 | E2 |

82-307



## Texas Department of Criminal Justice

### *NOTICE OF EXTENSION*

### *Inmate Grievance Office*

In accordance with the procedures outlined in BP-03.77 "Inmate Grievances" and AD-03.82, "Management of Inmate Grievances", you are hereby notified that additional time is necessary to complete the investigation of your:

**Step 1 Grievance:** *(check the applicable box)*

☐ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☐ An additional 40 days is needed for appropriate response to your grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 1 grievance.

**Step 2 Grievance:** *(check the applicable box)*

☐ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☒ An additional 40 days is needed for appropriate response to your grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 2 grievance.

A. Hope   Admin Assistant II                              08/14/2023

Name and Title                                                      Date

**Original – Send to Inmate**
Copy – Attach to the Grievance

Inmate Grievance Operation Manual
Appendix M

~~Incompatible Transgender Housing Assignment~~

**Texas Department of Criminal Justice**

ACCEPT AS
ORIGINAL
**STEP 1**

**OFFENDER
GRIEVANCE FORM**

Safe Prisons Complaint

**OFFICE USE ONLY**

Grievance #: 2023076263

Date Received: MAR 0 6 2023

Date Due: 4-15-23

Grievance Code: 200

Investigator ID #: I 2914

Extension Date: 5/25/23

Date Retd to Offender: JUN 3 0 2023

Offender Name: Darrold L. Alexander TDCJ # 738390

Unit: Estelle Unit Housing Assignment: E2-3-12-B

Unit where incident occurred: Estelle Unit Classification
E2·307

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Estelle Unit Safe Prisons Office When? March 3rd, 2023

What was their response? As of date offical contacted unresponsive

What action was taken? None. Issue grieved herein unresolved as of date.

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Complaint of Incompatible Housing Assignment That
Violates TDCJ Policy Pertaining To The Housing
Of Transgender Inmate(s)

PREMISE: Grievant is a transgender inmate. According to
TDCJ Policy (i.e. Sec. II(A)(B); Sec. III(A)(1)(I)(M); Sec. IV(A)
of AD.04.17/ transgender inmates can be housed (in-cell) by
their gender indentification. As of this complaints filing
date Grievant has persistent requested (made request(s) to
Estelle Unit Classification; Estelle Unit Administration;
Estelle Unit Safe Prisons Office et al) to be housed (in-cell)
according to her gender identification (i.e. to be housed
with other transgender inmates) and her request(s) have
fallen on deaf ears. Justifying the filing of this complaint
Feb 22nd, 2023 a cisgender inmate James Derr #00611534
was assigned/randomly assigned to the same cell with
Grievant thereby violating not just the aspects of AD.04.17
aforementioned but also Sec. III(A)(B)(D) of AD.04.17 and
Sec. III(C)(1)(2) and Sec. III(C)(9)(B) of the
TDCJ Safe Prisons Plan.

---

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

Validity: Upon investigation of this complaint substantiation of it is the prolific, assaultive history (i.e. "violent tendencies" against Safekeeping and trans-inmate(s) particularly) of Inmate James Derr — #00611534 itself namely/specifically an Trans-Inmate Clifton Darling — #02142154 (resulting in an O.P.I.) which Grievant witnessed firsthand. Inmate Derr(s) prolific, assaultive history causes Grievant to have serious (Serious!!!) concerns for her safety being assigned to the same cell as Inmate Derr thus she files this complaint in accordance with Sec. III (C)(9)(B) — TDCJ Safe Prisons Plan.

**Action Requested to resolve your Complaint.** To be housed according to gender identity — housed according to Sec. II(A)(B); Sec. III(A)(4)(I)(M); Sec. IV(A) of AD.04.17.

**Offender Signature:** D. L. Alexander                **Date:** March 4th, 2023

**Grievance Response:**

Your complaint has been noted. Policy dictates housing considerations will be made on a case-by-case basis with regard to health and safety of the inmate and potential management or security problem. Housing determinations shall not be made solely on the basis on LGBTI status. Transgender inmates can be housed with Cisgender inmates. Records indicate Inmate Derr was moved to another cell assignment 5/8/23 unrelated to your allegations. There is no evidence of policy violations and or employee misconduct. No further action is warranted by this office.

**Signature Authority:** _(signature)_                **Date:** 6-1-23

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**          *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance # _____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**OFFICE USE ONLY**

Initial Submission          UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**2nd Submission**          UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**3rd Submission**          UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F

# STATEMENT
# OF
# CLAIM

# REQUESTED
# RELIEF

V.   STATEMENT OF CLAIM: <u>Claim One</u>

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

<u>CLAIM ONE</u>

MINISTERIAL, CLASS BASED "BREACH OF IMPLIED CONTRACT" IN THE PROVISION OF AMELIORATIVE HEALTHCARE RELATIVE TO SPECIAL NEEDS INMATE(S) IN A MANNER VIOLATING AMERICANS WITH DISABILITIES ACT AND EQUAL PROTECTION CLAIM

(Refer to Addendum)

VI.   RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

(Refer To Addendum)

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

None other than Darrold Latrale Daniels

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

None

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES  ✱ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): Non-Aplicable

2. Case number: Non-Aplicable

3. Approximate date sanctions were imposed: Non-Aplicable

4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

4

# CLAIM ONE

# ADDENDUM

Equal Protection Claim - Claim One

Policymaker(s) Class Based "Breach of Implied Contract" In The Provision of Ameliorative Healthcare Relative To Special Needs Inmate(s)

Plaintiff is: Alexis D. Alexander (TDCJ-CID#: 00738300)

Plaintiff is a transgender woman diagnosed February 1st, 2016 as Gender Dysphoric by the contractual health care providers of the Texas Department Of Criminal Justice in Accordance with diagnostic criteria set forth within Defendant CMHC-DCM(s) policy for the treatment of Gender Dysphoria. This serious mental health condition is not a gender identity disorder but a physical/mental impairment as it is defined by Title II of the Americans With Disabilities Act and Rehabilitation Act.

Plaintiff, on behalf of herself and class, presents herein a viable class-based Equal Protection Claim against all members of Correctional Managed Health Care Committee (i.e., Defendant CMHC-DCM including Dr. Lannette Linthicum) as policymakers and/or policy administrators for class-based violation of Title II mandates of the Americans With Disabilities Act and Rehabilitation Act for Defendant CMHC-DCM(s) ministerial failer to make "reasonable accomodation" relative to the provision of ameliorative, gender-transitioning and/or gender-affirming related healthcare administered to Plaintiff and her class for the effective and appropriate



treatment of Gender Dysphoria.

Plaintiff, on behalf of herself and class, sues all members of Defendant CMHC-DCM (including Defendant Linthicum who is a member of Defendant CMHC-DCM) in their individual and official capacity as policymakers and/or policy administrators for committing purposeful "breach of implied contract" as it is legally defined by the Texas Tort Claim Act. This "breach of implied contract" violates Title II "reasonable accommodation" mandate of the Americans With Disabilities Act and Rehabilitation Act relative to any entity, such as Defendant CMHC-DCM, complying with Title II of the Americans With Disabilities Act and Rehabilitation Act by accommodating the physical/mental impairment(s) of "special needs" persons such as Plaintiff and her class.

Defendant CMHC-DCM is a statutorily created entity that is responsible for developing, implementing, and monitoring the correctional managed healthcare (medical and psychiatric healthcare) that all Texas Department of Criminal Justice inmates receive from it's contractual healthcare providers. This "implied contract" is the Managed Care Plan that legally enjoins Defendant CMHC-DCM, the Texas Dept. Of Criminal Justice and it's contractual healthcare provides in a "reciprocal contract" as the term is defined by the Texas Tort Claims Act statutorily and legally obligating Defendant CMHC-DCM to;

(I) Develop and approve a managed health care plan that specifies the types and general level of care for all TDCJ inmates.

(II) Ensure continued access to needed care in the Correctional healthcare system

(III) Furnish advise, provide medical expertise and assist TDCJ in implementing its statewide health policies.

(IV) Resolve disputes between TDCJ healthcare providers or contracting entities in the event of a disagreement relating to inmate healthcare services.

Defendant CMHC-DCM, in compliance with its "statutorily endowed reciprocal contractual agreement between themselves, the TDCJ and its contractual healthcare providers, conceived/architected a class specific "implied contract" (i.e, CMHC Policy G-51.11) between themselves, Plaintiff and her class (creating a "special relationship") to provide her/them effective, ameliorative gender-transitioning and/or gender affirming related healthcare (medical and psychiatric) for the appropriate treatment of Gender Dysphoria to be administered to Plaintiff and her class by a specialist Q.M.H.P (Gender Specialist) based upon the Q.M.H.P(s) individualized determination. Having semblance to the WPATH Standards Of Care, the facial intendment of Defendant CMHC-DCM(s) "implied contract" between themselves and Plaintiff's class is to;

(A) Provide guidelines in the management of inmates with intersex conditions and Gender Dysphoria;



(B) Ensure that inmates with complaints consistent with intersex conditions or Gender Dysphoria are evaluated by appropriate medical and mental health professionals and treatment is determined on a case-by-case basis as clinically indicated.

Defendant CMHC-DCM, contrary to the facial intendment of its "implied contract" to provide Plaintiff and her class ameliorative, gender-transitioning and/or gender-affirming related healthcare for the effective treatment of Gender Dysphoria, has/continues to;

(A) Arbitrarily disregard the "terms" of the "implied contract" by undermining/overriding the medical judgement of the specialist Q.M.H.P and capriciously determining whether a particular type/form of ameliorative, gender-transitioning and/or gender-affirming related healthcare for the treatment of Gender Dysphoria is "medically necessary" or not.

Defendant CMHC-DCM doing so is Defendant CMHC-DCM committing "breach of implied contract" as it is legally defined by prohibitive aspects of the Texas Tort Claim Act... i.e., reneging on its part of the "implied contract" to provide Plaintiff and her class ameliorative, gender-transitioning and/or gender-affirming related healthcare that comports with generally accepted standards of medical and/or mental health practice considered effective for the treatment of Gender Dysphoria namely WPATH Standards Of Care.

Plaintiff and her class are considered by Defendant CMHC-DCM and the TDCJ to be "special needs inmates". The policy that mandates Defendant CMHC-DCM(s) treatment for Gender Dysphoria is categorized by Defendant CMHC-DCM as a "special needs" policy thus Defendant CMHC-DCM defines Plaintiff and her class as "special needs inmates". According to/defined by TDCJ policies; "special needs inmates are those who require special consideration/who require treatment due to current medical and/or mental health status including those who are inpatients and outpatients". Interpreted special consideration is "reasonable accommodation" relative to the treatment of a special needs inmate in relation/due to their current medical and/or mental health status.

Plaintiff and her class, as "special needs inmates", are legally entitled to being provided "reasonable accommodations" by Defendant CMHC-DCM in relation to their "disability" according to Title II mandates of the Americans With Disabilities Act and Rehabilitation Act. As of date Defendant CMHC-DCM has failed to provide Plaintiff and her class that "reasonable accommodation" of being prescribed ameliorative gender-transitioning and/or gender-affirming related healthcare for the effective treatment of Gender Dysphoria that comports with generally accepted standards of medical and/or mental health practice considered effective for the treatment of Gender Dysphoria namely WPATH Standards Of Care.

Defendant CMHC-DCM(s) "breach of implied contract" is, in actuality, Defendant CMHC-DCM(s) abject failer to provide Plaintiff and her class "reasonable accommodation" (relative to the effective treatment of Gender Dysphoria) as "reasonable accommodation"

defined by Title II of the Americans With Disabilities Act and Rehabilitation Act. This "failer" be Defendant CMHC, PCM, to provide Plaintiff and her class "reasonable accommodation" (i.e, "reasonable accommodation" in the form of gender-transitioning and/or gender-affirming related helthcare that comports with generally accepted standards of medical/mental health practice) has resulted in Plaintiff and the following/select members of her class... i.e.,

Jacob (Isabelle) Miller          TDCJ-CID:#02127932

Roy (Rachael Anne) McMahon TDCJ-CID:#01966148

Marcus (Heather Marie) Rhodes TDCJ-CID:#0114367

Samual (Lily Anne) Hopkins    TDCJ-CID:#01986831

David (Bobbie Lee) Haverkamp TDCJ-CID:#00762023

Scott (Vanessa Lynn) Gibson    TDCJ-CID:#00699888

⑬

Suffering the inherent morbidities of Gender-Dysphoria (major depression, intense anxiety, suicidal ideations) and/or physical injury (self-mutilation, genital mutilation, attempted self-emasculation, emasculation and suicide). This "suffering" is psychologically impacting significantly enough to disrupt some of their major life activities (i.e., eating, sleeping, learning et. al) thereby violating Title II proscriptions of the Americans With Disabilities Act and Rehabilitation Act.

Plaintiff and her class, as special needs person(s), are statutorily entitled to Title II ADA defined "reasonable accommodation" (as other special needs person(s) who also recieve Title II ADA defined "reasonable accommodation" relative to their particular/specific physical/mental impairment in relation to the effective/appropriate treatment of Gender Dysphoria to alleviate their "suffering" (i.e., psychological/emotional suffering) attributed to the inherent morbidities of Gender Dysphoria.

Defendant CMHC-DCM (s) class-based, discriminative failer (continuing failer) to provide Plaintiff and her class Title II/ADA defined "reasonable accommodation" (i.e., ameliorative gender-transitioning and/or gender-affirming related healthcare) violates proscriptions of the Equal Protection claim against Defendant CMHC-DCM including Defendant Linthicum.

Plaintiff, with the filing of this class-based Equal Protection Claim on behalf of herself and class against Defendant CMHC-DCM, challenges

the legality and constitutionality of Defendant CMHC-DCM committing "breach of implied contract" in relation to it's unconstitutional one-size-fits-all, blanket-ban type policy for the treatment of Gender Dysphoria that impedes, obstructs (et-al) Plaintiff and her class from being provided ameliorative gender-transitioning and/or gender-affirming related healthcare. This purposeful "breach of implied contract" committed by Defendant CMHC-DCM violates prohibitive aspects of the Texas Tort Claim Act hence, the substantiveness of this class-based, Equal Protection Claim against Defendant CMHC-DCM including Defendant Linthicum

Plaintiff, on behalf of herself and class, sues each member of Defendant CMHC-DCM (including Defendant Linthicum) in their individual and official capacity as policymakers for the viable assertions presented here in this class-based, Equal Protection Claim.

In Propria Persona

Alexis D. Alexander

Plaintiff

⑮

V.   STATEMENT OF CLAIM: _____ CLAIM TWO _____

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how each defendant is involved.  You need not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

_____ CLAIM TWO _____

MINISTERIL, CLASS-BASED "GENDER/SEX-STEREOTYPING" OF SPECIAL NEED INMATE(S) IN A MANNER THAT DENIES "REASONABLE ACCOMMODATION" MANDATED BY AMERICANS WITH DISABILITES ACT AND EQUAL PROTECTION CLAUSE

(REFER TO ATTACHED ADDENDUM)

VI.   RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

(REFER TO ADDENDUM)

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

None other than Darrold Latrale Daniels

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

None

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  _____ YES  ✳ NO

B. If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): Non-Applicable

2. Case number: Non-Applicable

3. Approximate date sanctions were imposed: Non-Applicable

4. Have the sanctions been lifted or otherwise satisfied?  _____YES _____NO

4



# CLAIM TWO

# ADDENDUM

## Equal Protection Claim — Claim Two

Policy Administrator(s) Class-Based, Gender/Sex-Stereotyping Of A Protected Class That Denies "Reasonable Accomodation" Mandated By Title II Of Americans With Disabilities Act

Plaintiff is Alexis D. Alexander (TDCJ-CID #00738390)

Plaintiff is a Transgender woman diagnosed February 1st, 2018 as Gender Dysphoric by the contractual health care providers of the Texas Dept Of Criminal Justice in accordance with diagnostic criteria set forth within Defendant CMHC-OCM(s) policy for the treatment of Gender Dysphoria. This serious mental health condition is not a gender identity disorder but a physical/mental impairment as it is defined by Title II of the Americans With Disabilities Act and Rehabilitation Act.

Plaintiff presents herein a viable class-based Equal Protection Claim against Bobby Lumpkin, as a policy administrator, for his manner of "gender-based differentiation" between cisgender inmates and transgender inmate(s) that subjects Plaintiff and her class to unconstitutional class-based, gender/sex-stereotyping thereby violating proscriptions of the Equal Protection Clause which emphatically prohibits "gender-based differentiation" that is (in actuality) class-based, gender/sex-stereotyping of Plaintiff and her class based upon their gender-identity.

Defendant Lumpkin(s) manner of purported legitamate "gender-based differentiation" between cisgender inmates and transgender inmates is Defendant Lumpkin(s) committing ministerial melfeasance as a policy administrator that denies plaintiff and her class "reasonable accommodations" mandated by Title II of the Americans With Disabilities Act and Rehabilitation Act relative to special needs person(s). Plaintiff sues Defendant Lumpkin on behalf of herself and class in his individual and official capacity, as a policy administrator, for the meritias assertions made herein that violate Title II of the Americans With Disabilities Act, Rehabilitation Act and proscriptions of the Equal Protection Clause.

Defendant Lumpkin, as the Institutional Division Director for the Texas Dept. Of Criminal Justice, is statutorily empowered to adopt policies governing the humane treatment (et. al) of all inmate(s) sentenced to the Texas Dept. Of Criminal Justice. Synopsized Defendant Lumpkin(s) purview of authority is guiding the day-to-day operations and management of his Division. It is he who administrates and enforces "behavior specific policies/gender specific policies" dictating acceptable and unacceptable inmate behavior (i.e., the TDCJ standards of behavior). Most such policies, named herein this Claim, are uncon-stitutional "gender-based differentiation" policies that ultimately violate proscriptions of the Equal Protection Clause wherein it prohibits a government from treating different classes of person(s) differently unless there is a sufficiently, legitamate purpose for doing so. This unconstitutional "gender-based-differentiation" (gender-sex-stereotyping), committed by Defendant Lumpkin as presented herein this Claim, significantly infringes upon the constitutionally endowed fundamental rights and liberty intrests to



Plaintiff and her class by the Equal Protection Clause.

Plaintiff's overall class (the TDCJ transgender inmate population) is comprised of 1,100 inmates who identify as transgender according to the Texas Dept. Of Criminal Justice own data. The sub-class amongst this population are Gender Dysphoric, transgender inmate(s). The exact population of this subclass is unknown to Plaintiff. Such information is medical information thus shielded by/protected by the Health Insurance Portability Accountability Act (HIPPA). It is on behalf of herself and this sub-class that Plaintiff sues Defendant Lumpkin (the Texas Dept. Of Criminal Justice) for abjectly failing to provide this sub-class (Plaintiff's sub-class) "reasonable accommodation" relative to the TDCJ-CID policy(s) referred to herein this Claim.

Plaintiff, and her class, are considered by Defendant Lumpkin (classified by the Texas Dept. Of Criminal Justice itself) to be "special needs inmates". They are described by it's policies as; "Inmates who require special consideration with regard to unit assignments, job assignments, disciplinary procedure, program participation, or who require treatment due to current medical and/or mental health status including those who are inpatients and outpatients" hence Title II protections of the Americans With Disibilities Act and Rehabilitation Act are applicable to this class-based, Equal Protection Claim against Defendant Lumpkin and/or the Texas Dept. Of Criminal Justice itself

Defendant Lumpkin(s) is a policy administrator. His manner of "gender-based differentiation" (gender/sex-stereotyping) between cisgender inmates and trans-

gender inmates is starkly apparent and evident in the following Texas Dept. of Criminal Justice policies are underinclusive of Plaintiff and her class. These policies are discriminatively administrated and enforced by Defendant Lumpkin and/or his Division against Plaintiff and her class based upon their gender identity. Each of the following policies subject Plaintiff and her class to unconstitutional class-based, gender/sex-stereotyping thereby violating proscriptions of the Equal Protection Clause;

(I) Administrative Directive 03.72 (Offender Property)

[A] Defendant Lumpkin allows cisgender female TDCJ inmate(s) to be issued gender-related clothing item(s) such as support brassiers, sports bras, panties--- whereas Defendant Lumpkin discriminatively does not allow issuance of the same gender-related clothing item(s) to Plaintiff and her class.

Defendant Lumpkin only allows issuance of non-supportive sports bras made from T-Shirt material to Plaintiff and her class but Defendant Lumpkin discriminatively does not allow issuance of supportive brassiers to Plaintiff and her class who are undergoing gender-transitioning Hormone Replacement Therapy.

[B] Defendant Lumpkin allows cisgender female TDCJ inmate(s) to purchase gender related clothing item(s) --- briefs, panties, sports bras

et. al --- from the TDCJ Commissary(s) but Defendant Lumpkin discriminatively does not allow Plaintiff and her class to purchase the same gender-related clothing item(s) from the TDCJ Commissary(s).

Defendant Lumpkin only allows Plaintiff and her class (trans-woman) to purchase an item such as male boxer shorts from the TDCJ Commissary(s).

(II) Administrative Directive 07.30 (Religious Programming)

Administrative Directive 15.04 (Religious Beards)

[A] Defendant Lumpkin allows Muslim, cisgender, female TDCJ inmates to possess a hijab or purchase one from the TDCJ Commissary(s) as a religious accommodation whereas Defendant Lumpkin discriminatively does not allow the same "accommodation" to those of Plaintiff's class whom are Muslim, transgender women.

Defendant Lumpkin discriminatively does not allow Muslim, Jewish, transgender male TDCJ inmates the "religious accommodation" of possessing either a kufi or yarmulke nor allow them to purchase either from the TDCJ Commissary(s).



[B] Defendant Lumpkin allows Native American, cis-gender male and female TDCJ inmates the religious accommodation to the TDCJ grooming standards whereas Defendant Lumpkin discriminatively denies the same "accommodation" to those of Plaintiff's class who identify as Native American and Two Spirit.

[C] Defendant Lumpkin allows Muslim, Jewish cisgender male, TDCJ inmates the religious exemption to the TDCJ Grooming Standards to grow a religious beard whereas Defendant Lumpkin denies the same "accommodation" to those of Plaintiff's class (trans-men) who are Muslim, Jewish et. al.

(III) Administrative Directive 03.83 (Offender Grooming)

[A] Defendant Lumpkin allows cisgender, male TDCJ inmates with a facial, dermatological medical condition exemption (medical exemption) to the TDCJ Grooming Standards based upon it whereas Defendant Lumpkin denies the same "exemption" to Plaintiff and her class for their particular medical/mental health condition of Gender Dysphoria.

(IV) Administrative Directive 04.17 (Inmate Housing Assignments)

Administrative Directive 04.68 (Single-Cell Housing)

[A] Defendant Lumpkin allows class-based preferentialism in the housing/cell assignment(s) of cisgender, TDCJ special needs inmates ("reasonable accommodation") relative to their respective mental health status whereas Defendant Lumpkin discriminatively does not allow the same class-based ("reasonable accommodation") to Plaintiff and her class (special needs inmates) relative to their respective mental health status.

Plaintiff's pervading assertion, made with this claim against Defendant Lumpkin, is that;

(A) Defendant Lumpkin (the Texas Dept. Of Criminal Justice) chose to differentiate/distinguish Plaintiff and her class from cisgender inmate(s) Not!!! by their biological sex But!!! by their gender identity and/or gender presentation in many Texas Dept. Of Criminal Justice policies such as the TDCJ Classification Plan and TDCJ Safe Prisons/PREA Plan (ie, acknowledge/recognize Plaintiff and her class as transgender not cisgender) but then chose to;

(I) Gender/sex-stereotyping type Plaintiff and her class for not conforming to the same gender identity as cisgender inmate(s);

(II) Punish them/retaliate against Plaintiff and her class for individualizing, defining, asserting their gender identity through their gender presentation;

(III) Arbitrarily deny Plaintiff and her class the same privileges, entitlements (ei. al) afforded cisgender TDCJ inmates via particular TDCJ policies such as those referred to within this Claim.

Defendant Lumpkin, via TDCJ Policy/AD.07.30, is to allow Plaintiff and her class to participate in established religious practices of their respective faith. This "allowance to partici-pate" is endued to Plaintiff and her class by the Texas Religious Freedom And Restoration Act thus constitutionally protected from infringement/impediment by the Religious Land Use And Institutionalized Persons Act which prohibits the impo-sition of a "substantial burden" on the religious exercise of a person residing in or confined to a correctional institution. This "substantial burden" (relative to TDCJ Policy/AD.07.30 as iterated herein this Claim) is Defendant Lumpkin(s) manner of "gender-based differentiation" (gender/sex-stereotyping) of Plaintiff and her class that significantly frustrates, obstructs, impedes her/their constitutional right of Religious Exercise. His doing so violates proscriptions of the Texas Religious Freedom Restoration Act and the Religious Land Use And Institution-alized Persons Act. Both statues are applicable to this class-based Equal Protection Claim against Defendant Lumpkin. For violation of both statutes Plaintiff on behalf of herself and class sues Defendant Lumpkin in his official and individual job capacity as Correctional Institutional Division Director for the Texas Department Of Criminal Justice.

Defendant Lumpkin, via TDCJ Policy/AD.04.18, employs a majority of Plaintiff and her class in a myriad of job assignments within the Texas Dept. Of Criminal Justice there-fore Plaintiff and her class are Defendant Lumpkin(s) "em-ployees" as employee is defined by Title VII of the Civil Rights Act Of 1964. As "employees" Plaintiff and her class are statutorily protected against gender/sex-stereotyping

committed by an employer based upon their gender identity. Such class-based gender/sex-stereotyping of Plaintiff and her class is emphatically prohibited by Title VII of the Civil Rights Act of 1964 as the Supreme Court established within Bostock vs. Clayton. This statute and Supreme Court ruling is applicable to this class-based Equal Protection Claim against Defendant Lumpkin. For violation of Title VII of the Civil Rights Act Of 1964 and usurpation of Supreme Court ruling (relative to TDCJ Policy/AD.04.18 as iterated herein this Claim) Plaintiff on behalf of herself and class sues Defendant Lumpkin in his official and individual job capacity as Correctional Institutional Division Director for the Texas Dept. Of Criminal Justice.

Defendant Lumpkin, via TDCJ Policy/AD.07.02, is to allow Plaintiff and her class to participate in a motley of education, post-secondary education, rehabilitative programs (et. al) within the Texas Dept. Of Criminal Justice but Defendant Lumpkin(s) manner of "gender-based differentiation" (gender/sex-stereotyping) "frustrates" Plaintiff and her class participating in many of these programs. Plaintiff and her class are statutorily protected against gender/sex-stereotyping committed by Defendant Lumpkin based upon their gender identity because said programs are funded by Federal Financial Assistance therefore Title IX of the Educational Amendments Of 1972 is applicable to this class-based Equal Protection Claim against Defendant Lumpkin. For violation of this Federal Statute (relative to TDCJ Policy/AD.07.02 as iterated herein this Claim) Plaintiff sues Defendant Lumpkin in his official and individual job capacity as Correctional Institutional Division Director for the Texas Dept. Of Criminal Justice.

Defendant Lumpkin(s) class-based, gender/sex-stereotyping of Plaintiff and her class (as iterated herein this Claim relative



to the TDCJ policy(s) referenced) is Defendant Lumpkin subjecting Plaintiff and her class to unconstitutional, discriminative, disparted treatment thereby violating Equal Protection Clause proscriptions. His doing so (continuing to do so) impunes the Supreme Court(s) precedential findings given in Bostock vs. Clayton therein the Supreme court decisively ruled that gender/sex-stereotyping of an LGBTQ class member based upon their being of the LGBTQ class to be unconstitutional.

Plaintiff, with filing of this class-based Equal Protection Claim on behalf of herself and class, sues Defendant Lumpkin (the Texas Dept. Of Criminal Justice) in his individual and official capacity as a policymaker for committing a manner of "gender-based-differentiation" (gender/sex-stereotyping) that significantly impedes (et. al) Plaintiff and her class from being the recipients of "reasonable accommodation" mandated by Title II of the Americans With Disabilities Act and Rehabilitation Act relative to incarcerated special needs persons.

In Propria Persona

Alexis D. Alexander

Plaintiff

# ADDENDUM B

# REQUESTED RELIEF

# ADDENDUM

# EQUAL PROTECTION CLAIM

## RELIEF REQUESTED RELEVANT TO CLAIM ONE

(I) Plaintiff, on behalf of herself and class, seeks that the court grant her declaratory relief against Defendant CMHC-DCM affirming her assertion that Defendant CMHC-DCM(s) policy for the treatment of Gender Dysphoria is (in actuality) an unconstitutional, "one-size-fits-all", "blanket ban", type policy that denies Plaintiff and her class constitutional Protections endued to plaintiff and her class by proscriptions of the Equal Protection Clause relevant to discriminative provisions of ameliorative healthcare administered to "Similarly Situated" incarcerated person(s) diagnosed with a serious mental health need.

(II) Plaintiff, on behalf of herself and class, seeks that the court grant her declaratory relief against Defendant CMHC-DCM affirming her assertion; that Defendant CMHC-DCM(s) policy for the treatment of Gender Dysphoria;

   (A) IS an "implied contract" as defined by the Texas Tort Claim Act between Plaintiff, her Class and Defendant CMHC-DCM contractually obligating Defendant CMHC-DCM to provide Plaintiff and her class ameliorative, gender transitioning related healthcare for the treatment of Gender Dysphoria that comports with generally accepted standards of Medical Practice considered effective for the treatment of Gender Dysphoria, and;



(B) That failer/Continuing failer, by Defendant CMHC-DCM, to provide Plaintiff and her Class ameliorative gender related healthcare that Comports with generally accepted Standards of Medical practice considered effective for the treatment of Gender Dysphoria is Defendant CMHC-DCM committing a "breach of contract" as defined by the Texas Tort Claim Act thereby denying plaintiff and her class such healthcare/treatment.

(III) Plaintiff, on behalf of herself and Class, Seeks that the Court grant her declaratory relief against Defendant CMHC-DCM affirming her assertion that Defendant CMHC-DCM purposefully committed "breach of contract" (as defined by the Texas Tort claim Act) by conceiving (architecting a one-size-fits-all, blanket ban type policy for the treatment of Gender Dysphoria that fails to provide Plaintiff and her Class ameliorative, gender transitioning related healthcare that Comports with generally accepted Standards of Medical practice Considered effective/appropriate for the treatment of Gender Dysphoria thereby violating the Texas Tort Claim Act.

(IV) Plaintiff, on behalf of herself and Class, Seeks that the Court grant her declaratory relief against Defendant CMHC-DCM affirming her assertion that:

(A) Gender Dysphoria is not an identity disorder but a physical/mental impairment as defined by Title II of Americans with Disabilities Act and Rehabilitation Act therefore not excluded from the legal protections of both:

(B) Defendant CMHC-DCM(s) policy for the treatment of Gender Dysphoria does not provide Plaintiff and her class "reasonable accommodation" mandated by title II of the Americans with Disabilities Act and Rehabilitation Act in the form of ameliorative gender transitioning related healthcare.

(V) Plaintiff, on behalf of herself and class, seeks that the court grant her declaratory relief against Defendant CMHC-DCM affirming her assertion that because Defendant CMHC-DCM(s) policy for the treatment of Gender Dysphoria does not provide "reasonable accommadation" mandated (proscribed by title II of Americans with Disabilities Act and Rehabilitation Act. This causes Plaintiff and her class to deleterious psychological injury thereby violating Cruel and unusual punishment Clause Proscriptions.

(VI) Plaintiff on behalf of herself and Class, seeks that the court grant her declaratory relief against Defendant CMHC-DCM abolishing (et.al) their unconstitutional one-size-fits-all, blanket-ban type policy for the treatment of Gender Dysphoria because said policy;

(A) Does not provide Plaintiff and her Class ameliorative gender-transitioning related healthcare that comports with general accepted Standards of medical practice considered effective/appropriate for the treatment of Gender Dysphoria (i.e., WPATH standards of care);



(B) Fails to/continues to fail to provide Plaintiff and her Class "reasonable accommodation" mandated/proscribed by Title II of the Americans with Disabilities Act and Rehabilitation Act in relation to their particular/specific physical impairment (i.e., Gender Dysphoria).

(VII) Plaintiff, on behalf of herself and Class, seeks that the court grant her permanent injunctive relief against Defendant CMHC-DCM directing Defendant CMHC-DCM to conceive and implement a de novo version of their policy for the treatment of Gender Dysphoria that affords Plaintiff and her Class "reasonable accommodation" as defined and mandated by Title II of the Americans with Disabilities Act and Rehabilitation Act. Said version should:

(A) Particularlize specific ameliorative mental health treatment options for all spectrums/severities of Gender Dysphoria that are in accordance/emulate generally accepted Standards of Medical practice considered effective/appropriate for the treatment of Gender Dysphoria (WPATH standards of care)

(B) Empower the medical authority/medical Judgement of the Q.M.H.P Gender Specialist to Conceive/Structure Individualized Treatment plans for Plaintiff and her class beyond prescription of harmone replacement therapy and psychotherapy thereby in accordance with/that emulate generally accepted Standards of medical practice considered effective/appropriate for the treatment of Gender Dysphoria (WPATH standards of care);

(C) Stipulate that I.T.P(s) formulated for Plaintiff and her class by a Q.M.H.P Gender Specialist should incorporate the ameliorative, Mental health treatment option(s) of Social Role Transitioning ("gender affirmation") thereby in accordance with/ emulating generally accepted Standards of Medical Practice considered effective/appropriate for the treatment of Gender Dysphoria (WPATH Standards of care.)

(VIII) Plaintiff, on behalf of herself and Class, seeks that the Court(s) oversight, retention and jurisdiction over Defendant CMHC-DCM (including Defendant Linthicum) named within claim one until such time the Court is satisfied that all assertions made by Plaintiff against Defendant CMHC-DCM will not recur

(IX) Plaintiff, on behalf of herself and Class, seeks that the Court grant full allocation of any and all reasonable filing fees, attorney fees and costs incurred in relation to plaintiff(s) Equal Protection Claim against Defendant CMHC-DCM,

In Propria Persona

Alexis D. Alexander

Plaintiff



# ADDENDUM

# EQUAL PROTECTION CLAIM

## Relief Requested Relevant to Claim Two

(I) Plaintiff, on behalf of herself and class, seeks that the court grant declaratory relief affirming her viable assertion that Defendant Lumpkin's manner of purported, legitimate "gender-based differention" between cisgender inmates and transgender inmates (relative to all TDCJ-CID Policies iterated within Claim Two) is in actuality Defendant Lumpkin subjecting Plaintiff and her class to legally and constitutionally defined "gender/sex based-stereotyping" thereby violating her/their Constitutional Protections of bodily and personal liberty endued to Plaintiff and her class by Equal Protection Clause proscriptions relative to Class and gender-based infringement (et.al) of legal and constitutionally defined fundamental Rights and Privileges committed by prison policymakers (et.al) against a member of the LGBTQ Class.

(II) Plaintiff, on behalf of herself and class, seeks that the court grant declaratory relief affirming her viable assertion that Defendant Lumpkin's manner of purported, legitimate "gender-based differention" between cisgender inmates and transgender inmates (relative to all TDCJ-CID Policies iterated within Claim Two) is in actuality a legally and constitutionally defined "moving force" significantly impending, frustrating (et.al) the body and personal liberty interest(s) of Plaintiff and her class (i.e., Constitutional freedom to pursue "gender-role transitioning" and/or "gender-affirmation") thus causing plaintiff and her class to "suffer" the deleterious psychological/mental inherent morbidities of Gender Dysphoria (i.e., psychological pain/injury) thereby violating

32

Constitutional Protections relevant to the Subjection, infliction (et.al) of "Pain" endued to Plaintiff and her Class by proscriptions of the Cruel And Unusual Punishment Clause prohibiting the Subjection of / infliction of "Pain" by prison policymakers (et.al) upon "special needs" incarcerated persons with a serious mental health need such as Plaintiff and her Class.

(III) Plaintiff, on behalf of herself and Class, seeks that the court grant declaratory relief affirming her viable assertion that Defendant Lumpkin's manner of purported, legitimate "gender-based differentiation" between cisgender inmates and transgender inmates (relative to TDCJ-CID policy / A.D.07.30 iterated within Claim two) is in actuality Defendant Lumpkin discriminatively encumbering, frustrating, obstructing (et.al) the Free Exercise of Religious Liberty of Plaintiff and her Class thereby violating her/their Constitutional Protections of bodily, religious and Personal liberty endued to Plaintiff and her Class by aspects of the Texas Religious Freedom Restoration Act, the Religious Land use And Institutionalized Persons Act, Free Exercise Clause and Equal Protection clause relative to encumbering/ frustrating (et.al) the meritorious request(s) of incarcerated persons for legally and constitutionally defined "religious accommodation" Committed by prison policymakers

(IV) Plaintiff, on behalf of herself and Class, seeks that the court grant declaratory relief affirming her viable assertion that Plaintiff and her Class are Defendant Lumpkin's "employees" as employee is defined by Title VII of the Civil Rights Act of 1964 (relative to TDCJ-CID policy / A.D.04.18 as iterated within Claim Two)



and as Defendant Lumpkin's "employees" Plaintiff and her class are statutorily protected (by Title VII of the Civil Rights Act of 1964) and constitutionally protected (by the Equal Protection Clause) against Defendant Lumpkin's manner of purported legitimate "gender-based-differentation" between cisgender inmates and transgender inmates relative to Defendant Lumpkin's purposeful discriminative exclusion of Plaintiff and her class from particular job assignments based upon their gender identity thus violating Title VII of the Civil Rights Act of 1964 and proscriptions of the Equal Protection Clause.

(V) Plaintiff, on behalf of herself and class, seeks that the court grant declaratory relief affirming her viable assertion that Plaintiff and her class are statutorily protected against Defendant Lumpkin's manner of purported, legitimate "gender-based differention" between cisgender inmates and transgender inmates (by Title IX of the Educational Amendments of 1972) and constitutionally protected (by the Equal Protection Clause) that discriminatively excludes plaintiff and her class from enrolling and/or participating in particular/certain types of education, post-secondary education and rehabilitative programs (relative to TDCJ-CID Policy/Administrative Directive 07.02 as iterated within Claim Two) based upon their gender identity thus violating Title IX of the Educational Amendments of 1972 and proscriptions of the Equal Protection Clause.



(VI) Plaintiff, on behalf of herself and Class, seeks that the Court grant declaratory relief affirming her viable assertion that Defendant Lumpkin's manner of purported, legitimate "gender-based differentation" between cisgender inmates and transgender inmates (relative to Defendant Lumpkin's enforcement of the TDCJ-CID Standards of behavior and TDCJ-CID Grooming Standards as iterated within Claim Two) significantly obstructs, impedes, denies Plaintiff and her Class (defined by TDCJ-CID as "special needs inmates") from receiving "reasonable accommodation" (as "reasonable accommodation" is defined by Title II of the Americans with Disabilities Act and Rehabilitation Act) in relation to a Physical and/or mental "impairment" (i.e., such as Gender Dysphoria) in the form of Plaintiff and her class being prescribed ameliorative, "gender-transitioning" and/or "gender-affirming" healthcare for the effective treatment of Gender Dysphoria thus violating Title II of the Americans with Disabilities Act, Rehabilitation Act and Proscriptions of the Equal Protection Clause.

(VII) Plaintiff, on behalf of herself and Class, seeks that the Court grant preliminary injunctive relief (as an effective means to intermittently resolve Plaintiff's viable assertions against Defendant Lumpkin's as they are iterated within Claim Two (relative to all TDCJ-CID Policys referred to therein) directing Defendant Lumpkin and/or Texas Department of criminal Justice itself to cease administrating and enforcing all TDCJ-CID Policies referred to within Claim Two thereby granting Plaintiff and her Class exemption and immunity from incurring any form of adverse disiplinary action for her/their non-compliance (incurred by Defendant Lumpkin and/or his subordinates)

(35)

for the duration and/or until Final Resolution of plaintiff's complaint.

(VIII) Plaintiff, on behalf of herself and Class, seeks that the Court grant permanent injuctive relief (as a means to decisively resolve Plaintiff's viable assertions against Defendant Lumpkin as they are iterated within Claim Two relative to all TDCJ-CID Policies referred to therein) directing Defendant Lumpkin and/or Texas Department of criminal Justice itself to abolish any/all aspects of the TDCJ-CID Policies reffered to within Claim Two that are underinclusive of plaintiff and her class and/or subject Plaintiff and her class to unconstitutional gender/sex-stereotyping of Plaintiff and her class based upon their gender identity thereby violating the supreme Courts precedential findings given in Bostock vs. Comstock.

(IX) Plaintiff, on behalf of herself and class, seeks that the Court grant permanent injunctive relief (as a means to decisively resolve Plaintiff's viable assertions against Defendant Lumpkin as they are iterated within Claim Two relative to all TDCJ-CID Policies referred therein) directing Defendant Lumpkin and/or Texas Department of Criminal Justice itself to comply with Title II of the Americans with Disabilities Act and Rehabilitation Act by Conducting "roundtable" Arbitration between plaintiff and select members of her class to conceive/architect de novo versions of all TDCJ-CID Policies referred to within Claim Two and therein said version(s) are to be aspects granting Plaintiff and her class "reasonable accommodation" (as it is defined by Title II of the Americans with Disabilities Act and Rehabilitation Act in the form of Defendant Lumpkin and/or Texas Department of Criminal Justice itself restructuring/revamping



All TDCJ-CID Policies referred to within Claim Two) to allow Plaintiff and her Class to pursue "gender-transitioning" and/or "gender-affirmation" thereby Complying with Title II of the Americans With Disabilities Act and Rehabilitation Act.

(X) Plaintiff on behalf of herself and Class, seeks the Court(s) oversight, retention and jurisdiction over Defendant Lumpkin and/or Texas Department of Criminal Justice itself until such time the Court is Satisfied that Arbitration is successful and that all assertions made by Plaintiff against Defendant Lumpkin within Claim Two will not recur.

(XI) Plaintiff, on behalf of herself and Class, seeks that the Court assess and grant full allocation of any and all reasonable filing fees, attorney fees and costs incurred relevant to Plaintiffs litigation of her Equal Protection claim.

In Proria Persona

Alexis D. Alexander

Plaintiff



C. Has any court ever warned or notified you that sanctions could be imposed?          _____YES____NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued.
   (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): Non-Aplicable

   2. Case number: Non-Aplicable

   3. Approximate date warning was issued: Non-Aplicable

Executed on: **4-22-24**
           DATE

Darrold (Alexis) Alexander
D. L. Alexander
Alexis D. Alexander
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____**22nd**_____ day of ___**APRIL**___, 20 **24**.
           (Day)              (month)           (year)

Darrold (Alexis) Alexander
D. L. Alexander
Alexis D. Alexander
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

**Darrold Alexander #00738390**
Estelle Unit
264 FM 3478
Huntsville, TX 77320

  

United States Courts
Southern District of Texas
FILED

MAY 07 2024

Nathan Ochsner, Clerk of Court

LEGAL MAIL
LEGAL MAIL

IN THE UNITED STATES DISTRICT CO.
FOR THE SOUTHERN DISTRICT OF TEXA:
HOUSTON DIVISION
CLERK OF COURT
P.O. BOX 61010
HOUSTON, TEXAS 77208